# Richmond.

## W. H. LUCK v. R. J. WOOD AND MABEL HOLT WOOD.

### March 18, 1926.

1. PAROL EVIDENCE—*Vendor and Purchaser—Contemporaneous Written Agreement with Contract of Sale—Case at Bar.*—In the instant case plaintiffs claimed damages from defendant because of defendant's breach of his written contract to do certain specified work for the comple tion of a dwelling and to install a furnace therein, the property having been contemporaneously sold to plaintiffs by defendant.

   *Held:* That the parol evidence rule was not violated by the introduction of testimony for plaintiffs showing such a written agreement between the parties, executed contemporaneously with the contract of sale.

2. PAROL EVIDENCE—*Contemporaneous Agreements in Regard to the Same Subject Matter—Agreements Regarded as Parts of Same Transaction.*—Where two papers are executed at the same time, or contemporaneously, between the same parties, in reference to the same subject matter, they must be regarded as parts of one transaction and receive the same construction as if their several provisions were in one and the same instrument. The admission of evidence in regard to the contemporaneous agreement does not in the slightest degree impinge upon the parol evidence rule. Such evidence neither tends to contradict nor to vary the terms of the contract. It simply admits evidence of the entire contract in all of its several parts, as finally concluded, in order to determine the rights of the parties thereunder.

Error to a judgment of the Circuit Court of Henrico county, in a proceeding by attachment. Judgment for plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Williams. & Mullen, Cyrus W. Beale* and *Ralph T. Catterall,* for the plaintiff in error.

*Chas. W. Crowder,* for the defendants in error.

PRENTIS, P., delivered the opinion of the court.

[1] The petitioner, Luck, complains of a judgment in favor of R. J. Wood and Mabel Holt Wood for damages claimed by them of him because of his breach of a contract to do certain specified work for the completion of a dwelling and to install a furnace therein, the property having been cotemporaneously. sold to them by Luck.

It is conceded that the case presents a single question of law, and that is whether or not the parol evidence rule was violated by the introduction of the testimony showing a written agreement between the parties, executed contemporaneously with the contract of sale. Expressed differently, the true contract between the parties must be determined.

For the petitioner, Luck, it is claimed that the contract of sale integrates the whole agreement of the parties, and that the contemporaneous memorandum is therefore no part of the contract.

There is no doubt whatever, of course, that if the contract of sale and deed integrated the complete agreement between the parties, then the court erred in admitting and construing the contemporaneous agreement; but it seems to us so perfectly evident from the facts shown that this is not true that we deem it unnecessary to do more than state the facts from which the conclusion is inevitable.

There is a painstaking, thorough and able argument upon various phases of the parol evidence rule, which, though instructive, is ineffective to defeat the plaintiffs' claim. The principles applicable to the facts which we have stated have been many times expressed.

[2] In the case of *Portsmouth Refining Co.* v. *Oliver Refining Co.*, 109 Va. 520, 64 S. E. 56, 132 Am. St.

Rep. 924, where there was a sale of real estate and a contemporaneous written agreement providing, among other things, that the plant should be in good working condition when turned over to the vendee, this court sustained a substantial recovery for breach of this contemporaneous agreement, and thus clearly stated the rule: "Where two papers are executed at the same time, or contemporaneously between the same parties, in reference to the same subject matter, they must be regarded as parts of one transaction and receive the same construction as if their several provisions were in one and the same instrument. See *Harvey* v. *Anderson* [*Anderson* v. *Harvey's Heirs*], 10 Gratt. (51 Va.) 386; *Torrance* v. *Shedd*, 112 Ill. 466-7; *Johnson* v. *Moore*, 28 Mich. 3; and cases cited in notes to 13 Cyc. 614."

This rule has been since repeated by this court in *Dime Deposit Bank* v. *Wescott*, 113 Va. 573, 75 S. E. 179, and assumed in *Geoghegan* v. *Arbuckle Bros.*, 139 Va. 100, 123 S. E. 387, 36 A. L. R. 399; *Oliver Typewriter Co.* v. *Huffman*, 65 W. Va. 56, 63 S. E. 1086. This holding does not in the slightest degree impinge upon the parol evidence rule. Such evidence neither tends to contradict nor to vary the terms of the contract. It simply admits evidence of the entire contract in all of its several parts, as finally concluded, in order to determine the rights of the parties thereunder.

The whole agreement of the parties in this case was integrated in the contract of sale, together with the memorandum agreement to complete the dwelling and to install a furnace therein, and the judgment of the trial court is plainly right.

*Affirmed.*