# Wytheville

## J. C. SALE v. ROBERT L. FIGG.

June 13, 1935.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Chinn and
Eggleston, JJ.

The opinion states the case.

*Edwards & Davenport,* for the plaintiff in error.

*Walter M. Evans,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

This is a suit brought by J. C. Sale, the purchaser of certain real estate, against Robert L. Figg, the seller thereof, to recover damages for the latter's failure to correct certain defects in the building on the land, and to furnish the purchaser a policy of title insurance, in accordance with the terms of an oral agreement alleged to have been made contemporaneously with the contract of purchase and sale, and all of which the purchaser claims was a part of the inducement and consideration for his agreeing to buy the property. The parties will be designated as they appeared in the court below.

The trial court, being of opinion that all prior and contemporaneous negotiations between the parties were merged in the deed of conveyance, and that the plaintiff's evidence violated the parol evidence rule, struck out all of the plaintiff's evidence. This writ of error challenges the correctness of that ruling.

The plaintiff's evidence, which is taken to be true on a motion to strike (*Mears* v. *Accomac Banking Co.,* 160 Va. 311, 315, 168 S. E. 740), shows the following case:

On Sunday afternoon, July 13, 1930, the plaintiff (an engineer on the Richmond, Fredericksburg and Potomac Railroad), with the view of purchasing a home, visited the property which is the subject of this litigation. The building thereon was then in the process of completion and the

plaintiff was shown through the property by the defendant's agent, Jones. During the negotiations the defendant himself appeared on the scene, and after some discussion the parties arrived at an agreement whereby the plaintiff was to purchase the property at $10,500. As a further inducement and consideration for the purchase, the defendant agreed: (1) That the windows on the north side of the basement would be raised so as to prevent the surface water from flowing thereinto; (2) that the house was guaranteed for a year from the date of purchase against all defects in workmanship and materials, except cracked walls; and (3) that the defendant would furnish the plaintiff a title policy to the property insuring the title in the plaintiff's name in the sum of $10,500.

The parties being under the impression that a binding contract with reference to the matter could not be made on Sunday, a memorandum, signed by both parties, was executed in the following words and figures:

"I hereby agree to sell to Julius C. Sale and Mrs. Minnie F. Eaton house and 88 feet known as 2901 Hawthorne Avenue for $10,500 with fence on terms, as agreed upon.

"Robert L. Figg
"J. C. Sale

"$1,000 to be paid by July 15, 1930."

On the next day the plaintiff made the cash payment of $1,000 to bind the bargain. Several days later the defendant presented to him the following contract:

"Richmond, Va., July 12, 1930

"This contract made between R. L. Figg, party of the first part, and Julius C. Sale and Mrs. Minnie Eaton, party of the second part, for house and lot known as 2901 Hawthorne Avenue for $10,500, $1,000 to be paid when contract is signed. Assume first mortgage of $5,800 for 3 years. Balance payable $45.00 per month plus average interest each month. Possession at once with first and second mortgage notes payable October 1st, 1930.

"Title policy of R. L. Figg and taxes for 1930 paid. Right

to anticipate any or all of second mortgage notes at any time. Fence to be built around rear of house.

"(SEAL) ........................

"$1,000 cash payment made July 14, 1930.

"R. L. FIGG"

Before this contract was delivered the plaintiff called the defendant's attention to the fact that it made no mention of the latter's obligation to fix the windows and guarantee the building for a year. In reply the defendant stated: "That was all right as that was a separate matter and that this contract was just for the sale of the house, and that he would take care of all of the defects for the first year and fix the windows as he had promised me; that the pamphlet that he gave me the day I bought the house had the guarantee in it and that he would stick to it." Thereupon the plaintiff accepted the contract. By deed dated September 1, 1930, recorded on October 7, 1930, and containing a general warranty and the usual covenants of title, the property was conveyed to the plaintiff. The deed made no mention of the defendant's obligation to correct the windows, to guarantee the workmanship on the house for a year, or to furnish the plaintiff with the title policy.

In the meantime the plaintiff had taken possession of the property, and even before the deed was recorded made demand on the defendant to correct certain alleged defects in the building, which the defendant promised to do. Later, during the same fall, the plaintiff again called the defendant's attention to defects in the front porch, basement floor, sewer, roof and paint work, as a result of which the defendant made numerous efforts to correct these.

Having failed to correct the defects to the satisfaction of the plaintiff, the latter brought this action for damages suffered as a result of the alleged breach of the contract.

In addition to evidence showing the above facts, the plaintiff introduced witnesses to prove the cost of correcting the defects in the building and furnishing the title policy.

At the conclusion of the plaintiff's evidence the court

sustained the defendant's motion to strike out all of the plaintiff's evidence on the ground that the deed of bargain and sale between the plaintiff and defendant made no reference to the promises and guarantees by the defendant, that all prior and contemporaneous negotiations between the parties were merged in the deed, and that the parol evidence rule forbade the introduction and consideration of the evidence offered by the plaintiff. Whereupon the jury brought in a verdict in favor of the defendant on which the trial court entered final judgment.

The plaintiff earnestly insists that the action of the trial court in striking out his evidence was erroneous because: (1) The parol evidence rule is not applicable; (2) the agreement sued upon is a separate and distinct matter collateral to the written contracts and deed, and was not intended by the parties to be embodied therein; and (3) the defendant's promises to perform the matters aforesaid were a part of the consideration for the plaintiff's agreeing to purchase the property.

We think the plaintiff's position is correct and amply sustained by the authorities.

In *Williston on Contracts*, vol. 2, section 636, page 1232, it is said: "The parol evidence rule assumes agreement upon the writing in question as a complete statement of the bargain. If the parties never adopted the writing as a statement of the whole agreement, the rule does not exclude parol evidence of additional promises."

And in 27 *Ruling Case Law*, section 264, page 532, the governing principles are thus laid down: "The rule prohibiting the admission of extrinsic evidence to vary or contradict a deed of conveyance does not include evidence of independent collateral agreements. Conveyances are frequently made in execution of agreements which the conveyances themselves do not show or attempt to show; and although no parol evidence would be admissible to change the legal effect of the conveyances themselves, yet it may be admitted to show on what consideration they were made, and to show the whole transaction, where the conveyances

constitute only a part. And where there are stipulations in the preliminary contract of which the conveyance itself is not a performance, the true question must be whether the parties have intentionally surrendered those stipulations. The evidence of that intention may exist in or out of the deed. If plainly expressed in the very terms of the deed, the evidence will be decisive. If not so expressed, the question is open to other evidence * * *."

In *Luck* v. *Wood,* 144 Va. 355, 132 S. E. 178, the parties entered into a written agreement for the sale and purchase of certain real estate. Contemporaneously they entered into another written contract wherein the seller agreed to do certain specified work for the completion of the building and to install a furnace therein. Later when the property was conveyed no mention was made in the deed of the seller's obligation with reference to the completion of the building and the installation of the furnace. In sustaining a judgment in favor of the purchaser against the seller for damages for the breach of the latter's collateral undertakings, Chief Justice Prentis said (144 Va. 355, page 356, 132 S. E. 178) : "It is conceded that the case presents a single question of law, and that is whether or not the parol evidence rule was violated by the introduction of the testimony showing a written agreement between the parties, executed contemporaneously with the contract of sale. Expressed differently, the true contract between the parties must be determined.

"For the petitioner, Luck, it is claimed that the contract of sale integrates the whole agreement of the parties, and that the contemporaneous memorandum is therefore no part of the contract.

"There is no doubt whatever, of course, that if the contract of sale and deed integrated the complete agreement between the parties, then the court erred in admitting and construing the contemporaneous agreement; but it seems to us so perfectly evident from the facts shown that this is not true that we deem it unnecessary to do more than state the facts from which the conclusion is inevitable. * * *.

"This holding does not in the slightest degree impinge upon the parol evidence rule. Such evidence neither tends to contradict nor to vary the terms of the contract. It simply admits evidence of the entire contract in all of its several parts, as finally concluded, in order to determine the rights of the parties thereunder.

"The whole agreement of the parties in this case was integrated in the contract of sale, together with the memorandum agreement to complete the dwelling and to install a furnace therein, and the judgment of the trial court is plainly right."

It is true that in that case the collateral contract was written, while in the case at bar the collateral agreement is oral. However, this does not alter the principles here involved. It is well settled that where the parol evidence rule applies it excludes all evidence, whether written or oral, of the contract sought to be established. *Williston on Contracts*, vol. 2, section 646, page 1252; *Wigmore on Evidence* (2d Ed.) vol. 5, section 2400, page 237.

The converse is likewise true that where the parol evidence rule does not apply, the collateral agreement may be proven by oral as well as by written testimony.

Applying these principles to the case at bar, we think the learned trial court erred in striking out all of the plaintiff's evidence, which, if true, showed not only that the parties bargained for a sale and purchase of the property, but also that the seller orally agreed to perform certain collateral undertakings, which the parties did not intend to be merged in either the subsequent formal written contract or deed of conveyance. There is no evidence that the plaintiff intended to surrender or abandon the obligations which the seller had undertaken. Furthermore, we have from the lips of the seller himself the statement that his undertakings were a separate matter not necessary to be incorporated in the deed. We also have his repeated attempts, continuing over several months and even after the present suit was pending, to correct the defects complained of. All of these matters go to show that the parties never intended that

these oral promises by the seller were to be merged in the subsequent written instruments.

 Furthermore, we think the plaintiff should have been allowed to show that these oral undertakings of the seller were a part of the consideration and inducement for his purchasing the property. This is but an application of the well recognized rule that the true consideration agreed upon may always be shown.

In *Swain* v. *Virginia Bank & Trust Company*, 151 Va. 655, 144 S. E. 645, and in *Linbrook Corporation* v. *Rogers*, 158 Va. 181, 163 S. E. 346, 84 A. L. R. 1035, this court held that a deed of conveyance, silent on the subject, did not merge the grantee's obligation to assume and pay off a mortgage on the property, and that the grantee's collateral promise, which was a part of the consideration for the conveyance, could be shown by parol as well as written evidence.

 While in the cases just mentioned the rule of allowing proof of the real consideration was applied with reference to the undertakings of the *grantee* in the deed, it applies equally with reference to the promises of the *grantor*. In 84 A. L. R. 1008, there is a comprehensive note dealing with the subject: "Deed as superseding, or merging, provisions of antecedent contract imposing obligations upon the vendor." Numerous cases are there collected wherein it is held that collateral agreements by the vendor in a contract for the conveyance of the land, to make improvements or repairs thereon, are not as a matter of law merged in the deed accepted by the vendee before the performance of the undertakings.

Also in 27 *Ruling Case Law*, section 265, page 534, the author says:

"Evidence of an oral promise to grade and build a street and to cause city water to be put into it may be given to show an inducement to buy a lot fronting on the street, as such promise is an independent collateral one which need not be included in the deed."

For the foregoing reasons, we are of opinion that the judgment of the trial court must be reversed and the case remanded for a new trial not inconsistent with the views herein expressed.

*Reversed.*