## CIRCUIT COURT OF THE CITY OF RICHMOND

Emergency Special Services, Inc.

v.

Matrix Construction Co. of Va.,
Chong Kim,
and Myung Kim

v.

J. T. Welton
and W. O. Lucy

August 17, 1988

Case No. LM-745-4

### BY JUDGE RANDALL G. JOHNSON

This case is before the court on the demurrer of the third-party defendants to the third-party motion for judgment. The allegations of the third-party motion for judgment, which on demurrer must b taken as true, are that by a sales contract dated December 11, 1986, the third-party plaintiffs, Chong and Myung Kim, agreed to purchase certain property in the City of Richmond from J. T. Welton and W. O. Lucy, the third-party defendants. Settlement on the contract occurred on March 5, 1987. After settlement, the Kims were notified by the City of Richmond that the subject property was in violation of certain safety requirements because of the existence on the property of certain underground tanks which contained contaminated material. The Kims allege that the existence of the tanks constituted a latent defect, that Welton and Lucy knew or should have known of their existence, and that Welton and Lucy had a duty to disclose that fact

to the Kims. In addition, the Kims point to a provision in the sales contract requiring the sellers to "remove fixtures and debris from inside of building and parking lot" as a requirement that the sellers pay for removing the tanks, that cost being the amount sought from the Kims by the first-party plaintiff, the company which removed the tanks.[1]

The demurrer filed by Welton and Lucy challenges the sufficiency of the third-party motion for judgment. Specifically, Welton and Lucy allege that the Kims have not stated a cause of action because (1) the sales contract states that the property was being purchased "as is"; and (2) the contract further recites that the Kims had conducted a satisfactory inspection of the property prior to signing the contract.[2] Thus, according to Welton and Lucy, all conditions of the contract, including the requirement that the sellers remove fixtures and debris from the property, were merged into the deed. By accepting the deed, the sellers argue, the Kims are now estopped as a matter of law from alleging latent defects. The court does not agree with either ground.

First, with respect to the "as is" language in the sales contract, that language must be read in relation to the contract as a whole. While the contract does recite that the buyers "are buying the property in 'as is' condition," that same contract also requires, as previously noted, that the sellers "remove fixtures and debris from inside of building and parking lot." Thus, the term "as is" in this particular contract apparently meant something other than what is normally meant by that term in sales contracts. At most, it meant "as is" *without* fixtures

---

[1] The first-party motion for judgment also lists in the caption Matrix Construction Company of Virginia as a defendant. That motion for judgment, however, makes no mention of Matrix. Matrix has filed no responsive pleadings, and the court questions whether proper service has been made on that company. No ruling on these matters is made here.

[2] Since the sales contract was attached as an exhibit to the third-party motion for judgment, it can be considered on demurrer. See 6A M.J. Demurrers, sect. 26, and the cases cited therein.

and debris.[3] Accordingly, the "as is" language cannot support sustaining the demurrer here.

Similarly, the sellers' argument concerning the contract provision about the Kims "satisfactory inspection" also does not warrant sustaining the demurrer. This is so because even after that "satisfactory inspection," the contract still required the sellers to remove the debris and fixtures. Moreover, the sellers' contention that the Kims are estopped from alleging latent defects because of a merger of the sales contract into the deed is directly contrary to the holdings in *Collins v. Lyon*, 181 Va. 230, 24 S.E.2d 572 (1943), *Sale v. Figg*, 164 Va. 402, 180 S.E. 173 (1935), and numerous other Virginia cases that an antecedent contract which contains provisions imposing obligations on a party other than those pertaining to title or possession, and creates rights collateral to or independent of the conveyance, is not merged into the deed, but survives it. *See also* 38 A.L.R. 2d 1310, 1315, 1320-21. Thus, there is no estoppel here.

[3] Of course, whether the underground tanks are within the class of things contemplated by the parties as being "debris" or "fixtures" is a matter of proof, and the court does not reach that question on demurrer.