## CIRCUIT COURT OF THE CITY OF WINCHESTER

David Shore

v.

J & P Properties, Inc., et al.

December 6, 1993

Case No. (Law) 92–234

By Judge John E. Wetsel, Jr.

This case came before the Court on the Plaintiff's Motion for Summary Judgment. Upon consideration of argument of counsel and memoranda of authorities filed in support thereof, the Court has made the following decision to grant the motion for summary judgment.

### I. *Statement of Material Facts*

The following facts are established in the record in this case.

David Shore is a realtor with offices in Winchester, Virginia, doing business as Landmark Realty.

J & P Properties entered into a listing agreement with Landmark whereby Landmark agreed to make reasonable efforts to market J & P's property located near Winchester, Virginia. Pursuant to the terms of the listing agreement, if Landmark found a suitable purchaser for their property, Landmark was to be paid a commission of 5% of the purchase price.

By letter of March 18, 1988, to J & P, Ryland Carper, an agent of Landmark, recommended that J & P accept the offer to purchase and further offered that Landmark would agree to alter its commission from 5% due in full at closing to a delayed payment of a commission of 10% payable as follows: 10% from the purchaser's down payment at closing; 10% of any other principal paid by the purchaser; and 9% of each monthly interest made by the purchaser.

Adams, the original contract purchaser, assigned his interest in the contract to purchase the J & P property to Winchester Office Center

Limited Partnership, and the underlying real estate transaction closed on August 31, 1988, whereby J & P sold the property to Winchester Office.

At the closing the realtors were paid 10% of the $300,000.00 down payment paid by the purchaser. The remainder of the commission due Landmark was paid by J & P's endorsement to Landmark of a note which is the subject of this action in the principal amount of $56,475.00 bearing interest at 9% per annum.

The August 31, 1988, note was made by Winchester Office Center Limited Partnership, the purchaser of the property payable to J & P Properties, Inc. It was a five year note bearing interest at the rate of 9% per annum, and it provided for interest payments of $423.56 per month and further provided for remedies in the event of late payment or default.

The note is now in default, and, pursuant to its acceleration provisions, Landmark claims that the entire balance is now due, which is claimed to be $46,323.21.

Landmark has now filed this action against J & P to collect the amounts owned under the note, claiming that it is a holder in due course.

## II. *Conclusions of Law*

Summary Judgment is appropriate if there is no material fact genuinely in dispute. Supreme Court Rule 3:18; *Carson v. LeBlanc*, 245 Va. 135, 139, 427 S.E.2d 189 (1993). In *Metro Machine Corp. v. Mizenko*, 244 Va. 78, 83, 419 S.E.2d 632 (1992) (citing *Gaudet v. Exxon Corp.*, 562 F.2d 351, 355 (5th Cir. 1977), *cert. denied* 436 U.S. 913 (1978)), the Supreme Court analyzed the character of the genuine issue of fact criterion governing the Court's disposition of a motion for summary judgment and stated:

> [T]he issue of fact must be "genuine." When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

As the Supreme Court observed in *Virginia and Maryland R.R. Co. v. White*, 228 Va. 140, 145, 319 S.E.2d 755 (1984) (quoting *Bly v. Southern Ry. Co.*, 183 Va. 162, 175, 31 S.E.2d 564 (1944)):

> It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. *The very essence of its function is to select from among conflicting inferences* and conclusions that which it considers most reasonable . . . . That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable [emphasis added].

While the Supreme Court of Virginia frowns on the short-circuiting of litigation where there are genuine issues of fact in dispute or conflicting inferences which may be drawn from uncontested facts, *see Renner v. Stafford*, 245 Va. 351 (1993), there is no genuine issue of fact in dispute or conflicting inferences upon which reasonable men could differ in this case.

The August 31, 1988, note is a negotiable instrument. One may become a "holder" (defined in § 8.1–201(20)) of an order instrument only when the instrument is "endorsed" to him. An "endorsement" must be written by or on behalf of the holder. Va. Code § 8.3A–201(b). If Landmark, as a holder in due course, had notice of claim of recoupment based on the March 18, 1988, letter, then, pursuant to Virginia Code § 8.3A–302(a)(2)(vi) (notice exception), J & P may assert the contract defense against Landmark, but only as a claim in recoupment to reduce the amount presently owed on the note. *See generally* Virginia Code § 8.3A–305, Official Comment, Cum. Supp. p. 58.

The Defendants claim that the March 18, 1988, letter from Carper to J & P should be read as an independent collateral agreement modifying the terms of the note. The terms of both the note and the letter are plain and unambiguous. Whether a contract is ambiguous or incomplete is a question of law. *See Ross v. Craw*, 231 Va. 206, 213, 343 S.E.2d 312 (1986). The March 18, 1988, letter from Landmark to J & P provides, in pertinent part, that:

> On terms of the commission, Landmark is agreeable to a delayed payment schedule as follows — upon closing, 10% of the down payment shall be paid to Landmark. A payment of 10% of any other portion paid to principal during the terms of sale and upon payoff of sale. A payment of 9% of each monthly interest payment shall also be paid to Landmark. This is 10% of any payments to principal and 9% of any payments to interest.

"Where two papers are executed at the same time, or contemporaneously between the same parties, in reference to the same subject matter, they must be regarded as parts of one transaction and receive the same construction as if their several provisions were in one and the same instrument." *Luck* v. *Wood*, 144 Va. 355, 357, 132 S.E. 178 (1926), *quoting, Portsmouth Refining Co.* v. *Oliver Refining Co.*, 109 Va. 520, 64 S.E. 56. In real estate transactions, there are frequently collateral agreements. *See* 12B M.J., *Merger*, § 2; and *Miller v. Reynolds*, 216 Va. 852, 223 S.E.2d 883 (1979) (contract and deed provisions). Assuming arguendo the Defendants' contention that the March 18, 1988, letter and the August 31, 1988, note are collateral, independent documents to be read together to establish the obligations between J & P and Landmark, it would appear that both the note and the letter are clear and unambiguous and require no explanation. The terms of the March 18, 1988, letter and the note are actually consistent with respect to the terms of payment. The significant and dispositive difference is that the note additionally provides for remedies of the holder in the event of late payment or default in payment. The acceleration clause, which Landmark seeks to enforce, does not contravene any provision of the March 18, 1988, letter. It merely added additional terms to the agreement between J & P and Landmark with respect the payment of the commission. "The court must give effect to all of the language of a contract if its parts can be read together without conflict. Where possible, meaning must be given to every clause. The contract must be read as a single document." *Miller v. SEVAMP, Inc.*, 234 Va. 462, 466–67 362 S.E.2d at 917–18 (1987).

### III. *Decision*

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is granted with respect to the issue of the Defendants' liability to pay in full the note, and it appears that the only remaining issue is

134

what amount is now due under the note. If counsel cannot agree on the balance due on the note, the parties are directed to schedule a pretrial conference before the Court for the purpose of setting this case for trial on the issue of the amount due under the August 31, 1988, note.