Present: Carrico, C.J., Compton, Stephenson,* Lacy,
Hassell, Keenan and Koontz, JJ.

JAMES E. DAVIS, ET AL.
                           OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 962102          September 12, 1997

TAZEWELL PLACE ASSOCIATES

           FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Charles E. Poston, Judge

     In this appeal, we consider issues relating to
statutory and express warranties arising from the sale of
real property.

     This case was decided in the trial court on a motion
for summary judgment and, therefore, in accordance with
familiar principles, we will state the facts in the light
most favorable to the plaintiffs, the non-moving parties,
"unless the inferences are strained, forced, or contrary to
reason."  Bloodworth v. Ellis, 221 Va. 18, 23, 267 S.E.2d
96, 99 (1980).

     Plaintiffs, James E. and Delores Z. Davis, executed a
sales contract with defendant, Tazewell Place Associates, a
Virginia general partnership, for the construction and
purchase of a townhouse.  The contract required that the
defendant construct the townhouse "in a good and workmanlike
manner in substantial accordance with the plans and
specifications."  On March 10, 1993, the plaintiffs and
defendant closed on the contract, and the plaintiffs

     *Justice Stephenson participated in the hearing and
decision of this case prior to the effective date of his
retirement on July 1, 1997.

received a deed to the property.  The express contractual warranty was not included in the deed.

Several months after the closing, the plaintiffs began to notice structural changes and defects in the townhouse. They made numerous complaints, but the defendant failed to correct or remedy the defects to the plaintiffs' satisfaction.

Subsequently, the plaintiffs retained an architect and contractor to correct the defects.  During the course of correcting the defects, the plaintiffs learned that the design of the townhouse was "flawed and inadequate; that the initial construction and the corrective action taken by [the defendant were] both inadequate and insufficient to cure the defects; that the construction as well as the corrections and repairs attempted by [the defendant] had not been designed and/or performed in a competent and/or good and workmanlike manner, and that by virtue of all of this, the defects were exacerbated and made worse."

On April 28, 1995, the plaintiffs filed their motion for judgment against the defendant alleging, inter alia, a claim for breach of contract.  The defendant filed responsive pleadings and a motion for summary judgment asserting that it was entitled to judgment because the plaintiffs' action was barred by the statute of limitations contained in Code § 55-70.1(E) and that the express warranty in the sales contract was not included in the deed and, therefore, when the sales contract merged with the deed at

closing, the contractual warranty was extinguished. The trial court agreed with the defendant and entered judgment on its behalf. Plaintiffs appeal.

> Code § 55-70.1(B) states in part:
> "[I]n every contract for the sale of a new dwelling, the vendor, if he is in the business of building or selling such dwellings, shall be held to warrant to the vendee that, at the time of transfer of record title or the vendee's taking possession, whichever occurs first, the dwelling together with all its fixtures is sufficiently (i) free from structural defects, so as to pass without objection in the trade, (ii) constructed in a workmanlike manner, so as to pass without objection in the trade, and (iii) fit for habitation."

Code § 55-70.1(E) states in part:

> "The warranty shall extend for a period of one year from the date of transfer of record title or the vendee's taking possession, whichever occurs first. . . . Any action for its breach shall be brought within two years after the breach thereof."

The plaintiffs contend that the statute of limitations contained in Code § 55-70.1(E) does not bar their cause of action. Continuing, the plaintiffs assert that the defendant must have corrected any defect in the townhouse for a period of one year from the date of transfer of record title and that the statute of limitations did not begin to run until the defendant breached its duty under the warranty by failing to remedy the defects when requested to do so.

The defendant responds that any breach of warranty occurred at, or before, closing and that, at the latest, the statute of limitations began to run on the date of the closing. The defendant says that the plaintiffs' cause of

action is barred because their motion for judgment was filed more than two years from the date of the closing.

We will not, as the defendant suggests, decide the meaning of Code §§ 55-70.1(B) and (E) by resorting to our prior decisions on statutes of limitations or legal dictionaries. Rather, resolution of this issue involves simple statutory construction, and we must apply the plain language that the General Assembly chose to employ when enacting these statutes.

We have repeatedly stated the principles of statutory construction that we must apply when statutes, such as Code §§ 55-70.1(B) and (E), are clear and unambiguous.

> "'While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.'"

Barr v. Town & Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)); accord Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 529 (1997); Weinberg v. Given, 252 Va. 221, 225, 476 S.E.2d 502, 504 (1996); Dominion Trust Co. v. Kenbridge Constr. Co., 248 Va. 393, 396, 448 S.E.2d 659, 660 (1994).

At common law, a purchaser did not acquire an implied warranty associated with the sale of a new dwelling. See

Bruce Farms v. Coupe, 219 Va. 287, 289, 247 S.E.2d 400, 402 (1978). Code §§ 55-70.1(B) and (E), which changed the common law, create certain statutory warranties, provide a warranty period of one year from the date of transfer or possession, and prescribe a statute of limitations of two years from the date of the breach of the warranty. If the buyer notifies the builder of any defects covered by the statutory warranty within the one-year statutory warranty period, and the builder fails to remedy such defects, then the builder has breached its statutory duty, and the buyer is entitled to file an action for damages against the builder within two years from the date that the buyer notified the builder of the defect.

Here, the defendant, who had the burden of proving that the plaintiffs' cause of action was barred by the statute of limitations, failed to establish that the plaintiffs filed their motion for judgment more than two years from the date they notified the defendant of any defects. Accordingly, the trial court erred in holding that the plaintiffs' statutory warranty claim was barred by the statute of limitations.

Next, the plaintiffs argue that the trial court erred in holding that the express warranty contained in the sales contract between the parties was extinguished under "Virginia's merger doctrine." The plaintiffs contend that the doctrine of merger does not apply to collateral agreements such as the defendant's contractual warranty that

the townhouse would be constructed in a good and workmanlike manner in substantial accordance with the plans and specifications provided by the defendants.  Responding, the defendant argues that "[a]n express warranty concerning the quality of construction of a dwelling which is contained in the contract for sale, but which is not set forth in the [d]eed for the subject property is extinguished by the doctrine of merger recognized in Virginia law."  We disagree with the defendant.

In Sale v. Figg, 164 Va. 402, 180 S.E. 173 (1935), we considered whether an oral warranty alleged to have been made contemporaneously with a real estate sale contract was enforceable even though the warranty was not contained in the deed.  In Sale, the purchaser and seller of certain real estate agreed, among other things, "that the house was guaranteed for a year from the date of purchase against all defects in workmanship and materials, except cracked walls." Id. at 405, 180 S.E. at 175.  Subsequently, a deed was recorded which contained a general warranty and the usual covenants of title, and the property was conveyed to the purchaser.  The deed did not contain the seller's promise to guarantee the workmanship on the house for a year.  After the purchaser had taken possession of the property, the purchaser notified the seller of certain defects in the property, and the seller failed to correct the defects to the purchaser's satisfaction.

The purchaser filed an action for damages against the

seller, and at the conclusion of the purchaser's evidence, the trial court struck the evidence because the deed made no reference to the sales warranty.  We reversed the judgment of the trial court because the purchaser presented sufficient evidence which, if true, showed that the seller agreed to perform certain collateral undertakings which the purchaser and seller did not intend to be merged in the deed of conveyance.  Id. at 409-10, 180 S.E. at 176-77.

In Miller v. Reynolds, 216 Va. 852, 223 S.E.2d 883 (1976), we observed that "'[i]n accordance with contract law generally, all provisions in the contract are merged into the deed when executed and delivered except those covenants which are deemed to be collateral to the sale.'"  Id. at 854, 223 S.E.2d at 885 (quoting G.W. Thompson on Real Property, 1963 Repl. Vol. 8A, § 4458).  We also stated in Miller that:

> "'In this regard it is to be observed that a contract for a deed antedates the execution of the deed, and may, and often does, contain many provisions which the execution of the deed neither adds to nor takes away from.  A deed is a mere transfer of title, a delivery so to speak of the subject-matter of the contract.  It is the act of but one of the parties, made pursuant to a previous contract either in parol or in writing.  It is not to be supposed that the whole contract between the parties is incorporated in the deed made by the grantor in pursuance of, or as the consummation of, a contract for the sale of land.  There are many things pertaining to the contract which it is manifest are never inserted in a deed. . . .  The instrument of conveyance may be complete for its purpose, which is to declare and prove the fact of conveyance; yet very naturally and commonly it is but a part execution of a prior contract, and parol evidence is admissible to show the true consideration for which it is given and all other parts of the transaction, not

> inconsistent with the recitals in the deed, provided the fact of conveyance is not affected by it.'"

216 Va. at 855, 233 S.E.2d at 885, (quoting Collins v. Lyon, 181 Va. 230, 245, 24 S.E.2d 572, 579 (1943)).

Applying these principles, we hold that the express warranty contained in the contract between the plaintiffs and defendant did not merge with the deed at closing and is enforceable. The defendant's warranty to construct the townhouse in a good and workmanlike manner is collateral to the sale of the property and did not qualify, or in any way affect, title to the land. Furthermore, the agreement is not a matter with which a title examiner would be necessarily concerned.

The defendant, relying upon Bruce Farms v. Coupe, supra, argues that the express contractual warranty is extinguished by the doctrine of merger. The defendant's reliance is misplaced. It is true, as defendant asserts, that in Bruce Farms, we stated: "'when a deed is executed and accepted in performance of a prior preliminary contract, the deed, if unambiguous in its terms, and unaffected by fraud or mistake, must be looked to alone as the final agreement of the parties.'" 219 Va. at 289, 247 S.E.2d at 401 (quoting Woodson v. Smith, 128 Va. 652, 656, 104 S.E. 794, 795 (1920)). However, the defendant has failed to read this quotation in the context of Bruce Farms and Woodson.

We did not consider in Bruce Farms whether a warranty in a real estate sales contract merged with the deed upon

closing.  Rather, we stated, "[t]he principal issue raised by this writ is whether, as the trial court ruled, the sale of a newly completed residence by a builder-vendor to the initial homeowner carries an implied warranty."  219 Va. at 288, 247 S.E.2d at 400.

In Woodson, an irreconcilable conflict existed between the antecedent real estate sales contracts which contained one date relating to the delivery of possession and the deeds which contained a different date specifying delivery of possession.  Resolving the clear conflict between the deeds and the contracts, we stated that, "[t]he rule is that when a deed is executed and accepted in performance of a prior preliminary contract, the deed, if unambiguous in its terms, and unaffected by fraud or mistake, must be looked to alone as the final agreement of the parties."  128 Va. at 656, 104 S.E. at 795.

Additionally, the defendant fails to note the following statement that we made in Woodson, which is equally pertinent here:

"Doubtless many cases may arise in which distinct and unperformed stipulations contained in a contract for sale will not be merged in or discharged by deed where that instrument is silent upon the subject of such stipulations.  In such cases there is no conflict between the contract and the deed.  But the deed must be regarded as the sole and final expression of the agreement between the parties as to every subject which it undertakes to deal with.  All inconsistencies between the prior contract and the deed must be determined by the latter alone, and previous negotiations or agreements, verbal or written, cannot be set up for the purpose of contradicting it."

Id.  Woodson is entirely consistent with our holding today because this is indeed a case in which a distinct stipulation is contained in the contract for sale, the deed is silent upon such subject, and there is no conflict between the contract and the deed.

Accordingly, we will reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.