Present:  Lacy, Hassell, Keenan, Koontz, Kinser, and Lemons,
JJ., and Stephenson, S.J.

VAUGHN, INC.

v.  Record No. 003042   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    November 2, 2001
HOWARD J. BECK, JR., ET AL.

           FROM THE CIRCUIT COURT OF ROANOKE COUNTY
              J. Howe Brown, Jr., Judge Designate


     In this appeal, we consider the issue whether under Code

§ 55-70.1, a purchaser of a new home is required to notify the

builder of a defect in construction within the statutory

warranty period before bringing an action against the builder

for breach of that warranty.

     Howard J. Beck, Jr., and his wife, Lauren S. Beck

(collectively, the Becks), entered into a contract with Vaughn,

Inc. (Vaughn) to purchase certain real estate, including a house

and a well, in a residential development in Roanoke County.  The

Becks obtained title and took possession of the property on

December 9, 1996.

     Within one year of that date, the Becks began to experience

problems with an inadequate flow of water from their well.  As a

result of the inadequate water flow, the Becks did not have

sufficient water to perform routine household functions, such as

washing dishes, washing clothes, and bathing.  In addition, the

Becks were not able to provide water for their lawn and

shrubbery.  Because of the inadequate water flow, the Becks were required to dig and install a second well.

The Becks did not notify Vaughn of their difficulties with the original well because they thought that the problem was caused by a faulty water pump, which Vaughn would not have been obligated to correct.  At a later date, however, the Becks concluded that Vaughn was responsible for correcting the defect in the well, but they took no action to notify Vaughn of the defect.

On December 7, 1998, within two years of the date that the Becks obtained title and took possession of the property, they filed a motion for judgment in the trial court against Vaughn. The Becks alleged that the defect in the well installed by Vaughn was caused by Vaughn's failure to drill, construct, and prepare the well in a workmanlike manner, free from structural defects.  The Becks asserted, among other things, that based on Vaughn's actions and omissions regarding the well, Vaughn breached the statutory warranty for new dwellings provided by Code § 55-70.1.

Vaughn filed an answer in which he admitted that "[t]he warranties given are the statutory warranties" under Code § 55-70.1.  However, Vaughn denied any breach of those warranties and asserted as an affirmative defense the Becks' failure to provide Vaughn notice of the defect within the one-year statutory

2

warranty period.  In response, the Becks conceded that they had not given Vaughn notice of the defect within one year from the date on which they obtained title to the property and took possession of the dwelling.

In a preliminary ruling, the trial court addressed Vaughn's affirmative defense and held that

> [i]n accordance with rules of statutory construction, the Court looks to the plain meaning of the language of the statute.  The statute does not require notice to the builder or vendor.  In other statutes the legislature has required notice. . . .  If notice of breach by the buyer is required in every case, there would be no reason for the legislature or the contractor to specify a notice provision in certain cases.

The case proceeded to a jury trial.  The jury returned a verdict in favor of the Becks in the amount of $20,000, and the trial court entered judgment in accordance with the verdict. Vaughn appeals from this judgment.

Vaughn argues that Code § 55-70.1 required the Becks to give Vaughn notice of the defect in the well within the one-year statutory warranty period as a condition precedent to maintaining an action against Vaughn for breach of the statutory warranty.  Vaughn asserts that a notice requirement is implied from the statutory language, and that a contrary result would be unreasonable because it would deprive a builder of the opportunity to determine whether a homeowner's claim for damages has any merit.  Vaughn also contends that in Davis v. Tazewell

*Place Associates*, 254 Va. 257, 492 S.E.2d 162 (1997), this Court recognized a builder's right under Code § 55-70.1 to receive such notice of a defect that forms the basis of an action for breach of the statutory warranty. We disagree with Vaughn's arguments.

Under basic rules of statutory construction, we examine the language of Code § 55-70.1 in its entirety and determine the intent of the General Assembly from the words contained in the statute, unless a literal construction of the statute would yield an absurd result. *Cummings v. Fulghum*, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001); *Earley v. Landsidle*, 257 Va. 365, 369, 514 S.E.2d 153, 155 (1999). When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that language. *Cummings*, 261 Va. at 77, 540 S.E.2d at 496; *Earley*, 257 Va. at 370, 514 S.E.2d at 155; *Ragan v. Woodcroft Vill. Apartments*, 255 Va. 322, 326, 497 S.E.2d 740, 742 (1998). Thus, when the General Assembly has used words of a plain and definite import, courts cannot place on them a construction that amounts to holding that the General Assembly meant something other than that which it actually expressed. See *Advanced Marine Enters., Inc. v. PRC Inc.*, 256 Va. 106, 125, 501 S.E.2d 148, 159 (1998); *Abbott v. Willey*, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997).

We also consider the fact that Code § 55-70.1 is a statute in derogation of the common law. At common law, a purchaser of

4

a dwelling did not acquire an implied warranty in conjunction with the sale of that dwelling.  <u>Davis.</u>, 254 Va. at 261, 492 S.E.2d at 164; <u>see</u> <u>Bruce Farms, Inc. v. Coupe</u>, 219 Va. 287, 289, 247 S.E.2d 400, 402 (1978).  Because Code § 55-70.1 changed the common law by creating certain statutory warranties, those warranties are limited to the provisions expressly stated in the statute or necessarily implied by its language.  <u>See</u> <u>Mitchem v. Counts</u>, 259 Va. 179, 186, 523 S.E.2d 246, 250 (2000); <u>Boyd v. Commonwealth</u>, 236 Va. 346, 349, 374 S.E.2d 301, 302 (1988).

Code § 55-70.1 provides, in relevant part:

B.  In addition, in every contract for the sale of a new dwelling, the vendor, if he is in the business of building or selling such dwellings, shall be held to warrant to the vendee that, at the time of transfer of record title or the vendee's taking possession, whichever occurs first, the dwelling together with all its fixtures is sufficiently (i) free from structural defects, so as to pass without objection in the trade, (ii) constructed in a workmanlike manner, so as to pass without objection in the trade, and (iii) fit for habitation.
                    . . . .

D.  If there is a breach of warranty under this section, the vendee, or his heirs or personal representatives in case of his death, shall have a cause of action against his vendor for damages.

E.  The warranty shall extend for a period of one year from the date of transfer of record title or the vendee's taking possession, whichever occurs first, except that the warranty pursuant to subdivision (i) of subsection B for the foundation of new dwellings shall extend for a period of five years from the date of transfer of record title or the vendee's taking possession, whichever occurs first.  Any action for its breach shall be brought within two years after the

breach thereof.  As used in this section, the term "new dwelling" shall mean a dwelling or house which has not previously been occupied for a period of more than sixty days by anyone other than the vendor or the vendee or which has not been occupied by the original vendor or subsequent vendor for a cumulative period of more than twelve months excluding dwellings constructed solely for lease.  The term "new dwelling" shall not include a condominium or condominium units created pursuant to Chapter 4.2 (§ 55-79.39 et seq.) of this title.

We conclude that the language of Code § 55-70.1 plainly does not require the purchaser of a new dwelling to give notice of a defect in construction to the builder within the one-year statutory warranty period as a prerequisite for bringing a breach of warranty action under the statute based on that defect.  Subsection (D) of Code § 55-70.1 provides the purchaser of a new dwelling a cause of action against the builder for a breach of the warranty created by the statute.  Subsection (E) of the statute provides that the warranty shall extend for a period of one year from the date that record title is transferred to the purchaser, or the date that the purchaser takes possession of the property, whichever occurs first.  Any action for such breach of warranty must be brought within two years after the breach occurs.  Id.  Thus, a breach by the builder, not a tendering of notice, is the only condition that the statute imposes for bringing an action against that builder within two years of the date of the breach.

6

The contrary statutory interpretation advanced by Vaughn would require us to add new language to the statute. We reject that interpretation because, in the absence of a specific notice requirement, we may not construe the statute's plain language in a manner that amounts to holding that the General Assembly meant to add a requirement to the statute that it did not actually express. See Advanced Marine Enters., Inc., 256 Va. at 125, 501 S.E.2d at 159; Haislip v. Southern Heritage Ins. Co., 254 Va. 265, 268, 492 S.E.2d 135, 137 (1997).

We also disagree with Vaughn's assertion that our decision in Davis implicitly recognized a notice requirement under Code § 55-70.1. The issue presented and decided in Davis was whether the defendant builder had met its burden of proving that the plaintiffs' cause of action was barred by the two-year statute of limitations in Code § 55-70.1. 254 Va. at 260-61, 492 S.E.2d at 164. We did not consider the question whether notice by a purchaser is an element of a cause of action under Code § 55-70.1.

The facts in Davis involved purchasers who, after buying a new house, observed various defects in the dwelling. Although not required by Code § 55-70.1 to do so, the purchasers provided the builder notice of those defects. Id. at 259, 492 S.E.2d at 163. We stated that when a purchaser notifies the builder of any defect covered by the statutory warranty within the one-year

7

warranty period, and the builder does not remedy that defect, the purchaser may file an action against the builder within two years from the date that the notice was given. Id. at 261, 492 S.E.2d at 164.

We held that the defendants failed to prove that the statute of limitations had expired before the plaintiffs filed their action. Id. Incorporated in this holding was the fact that the purchasers gave notice to the builder within the statutory warranty period. See id. Thus, our decision in Davis is limited to this factual context and does not impose a notice requirement under Code § 55-70.1.

Nevertheless, as Vaughn observes, our interpretation of Code § 55-70.1 in Davis may have the effect of permitting an extension of the statute of limitations in cases when a purchaser has provided timely notice of a construction defect to the builder. This potential result, however, cannot be remedied through judicial construction by imposing a notice requirement that effectively would add new language to the statute. Any such change to the statute must be a legislative, rather than a judicial, undertaking. See Advanced Marine Enters., Inc., 256 Va. at 125, 501 S.E.2d at 159; Abbott, 253 Va. at 91, 479 S.E.2d at 530. Accordingly, we conclude that the trial court correctly held that Code § 55-70.1 does not impose a notice requirement as

8

a prerequisite for maintaining an action for breach of the statutory warranty.

For these reasons, we will affirm the trial court's judgment.

<u>Affirmed.</u>