Present: Kinser, C.J., Lemons, Goodwyn, Millette, Mims, and
McClanahan, JJ., and Lacy, S.J.

COMMONWEALTH OF VIRGINIA

v.  Record No. 130757                OPINION BY SENIOR JUSTICE
                                        ELIZABETH B. LACY
FELECIA AMOS                         February 27, 2014

            FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal we consider whether the Court of Appeals

erred in holding that the contemporaneous objection exception in

Code § 8.01-384(A) allows a litigant who was precluded by the

trial court from asserting a contemporaneous objection to the

court's ruling or order to raise the issue on appeal,

notwithstanding the provisions of Rule 5A:18.

                        I.  BACKGROUND

     In July 2010, Antonio Jose Amos was convicted in the

Circuit Court of Arlington County of assaulting his estranged

wife, Felecia Amos.  Mr. Amos was sentenced to six months'

incarceration, suspended for one year conditioned on good

behavior, and ordered, as relevant here, to have no contact with

Felecia Amos and to not harass her.

     Three months later, in October 2010, Ms. Amos wrote a

letter to an Assistant Commonwealth's Attorney for Arlington

County alleging that Mr. Amos had harassed her through telephone

calls and text messages and that he had threatened her during

two custody exchanges of their son.  She alleged that Mr. Amos'

actions violated the terms of his probation and that she was seeking help from the Commonwealth Attorney's Office because she was "in fear of [her] life."  Based on this letter, the Assistant Commonwealth's Attorney sought and obtained a rule to show cause against Mr. Amos.

At the hearing on the show cause order, Ms. Amos testified, among other things, that during a particular custody exchange Mr. Amos harassed and threatened her, used profanity against her, told her she was "going down," and followed her in his car when she left the premises.  Her testimony was contradicted by the testimony of Mr. Amos and another individual who had accompanied him to the custody exchange.  The trial court also heard a tape recording of the incident made by Mr. Amos that was consistent with Mr. Amos' testimony.  The Commonwealth provided no rebuttal testimony or other evidence.

The trial court ruled that Mr. Amos had not violated the terms and conditions of his probation and dismissed the rule to show cause.  The trial judge then stated that he was "not through."  He called Ms. Amos to "[s]tand in front of [the] podium" and told her that she had "flat-out lied under oath," was "nothing but a vindictive woman towards [Mr. Amos]," and that she was not going to "use this process to further that vindictiveness."  The trial judge then summarily held Ms. Amos in contempt of court pursuant to Code § 18.2-456, sentenced her

2

to jail for ten days, remanded her into custody, and called the next case. Ms. Amos was immediately taken to jail. She did not object or make any statements to the trial judge at the time of the contempt ruling on June 10, 2011.

On June 27, 2011, Ms. Amos, pro se, filed a "MOTION TO VACATE SENTENCE AND OBJECT TO THIS HONORABLE COURT['S] FINDING." Ms. Amos argued that she testified truthfully, was never given an opportunity to object to the trial court's finding of contempt, that the trial court deprived her of her constitutional rights to due process, and that her conduct did not require summary punishment because it was not an open, serious threat to orderly procedure. Ms. Amos simultaneously filed a notice of appeal to the Court of Appeals of Virginia. No hearing was held or ruling issued on Ms. Amos' pro se motion.

In her petition for appeal to the Court of Appeals, Ms. Amos assigned error to the trial court's order of conviction, asserting that there was insufficient evidence to support the summary contempt conviction and that her constitutional due process rights were violated. The Commonwealth contended that Ms. Amos failed to preserve the issues she raised on appeal because she did not object at the time the trial court held her in contempt and she did not get a ruling on her motion for reconsideration or show that the trial court was made aware of

3

her arguments as required by Rule 5A:18 and <u>Brandon v. Cox</u>, 284 Va. 251, 736 S.E.2d 695 (2012).

The Court of Appeals en banc reversed Ms. Amos' summary contempt conviction and entered final judgment in a 6-5 decision. <u>Amos v. Commonwealth</u>, 61 Va. App. 730, 740 S.E.2d 43 (2013). The majority concluded that the trial court deprived Ms. Amos of any opportunity to object at the time of the ruling and

> [t]he fact that the trial court never ruled on her motion to reconsider or was not made aware of it does not foreclose appellate review of Mrs. Amos's arguments. This conclusion is driven by a plain language reading of Code § 8.01-384(A), that the absence of such an opportunity to object "shall not thereafter prejudice [a party] . . . on appeal."

<u>Id.</u> at 737, 741, 740 S.E.2d at 46-47, 49.

The Commonwealth appealed to this Court, assigning error to that part of the Court of Appeals' judgment holding that pursuant to Code § 8.01-384(A) Ms. Amos did not default the arguments raised on appeal. The Commonwealth did not assign error to the Court of Appeals' holding that Ms. Amos was denied the opportunity to object at the time of the summary contempt ruling or the Court of Appeals' reversal of the summary contempt conviction.

II. ANALYSIS

4

This appeal requires us to construe relevant provisions of Code § 8.01-384(A). Issues of statutory construction are questions of law which we review de novo. Jay v. Commonwealth, 275 Va. 510, 517, 659 S.E.2d 311, 315 (2008). We apply the plain meaning of the language appearing in the statute unless it is ambiguous or applying the plain language leads to an absurd result. Baker v. Commonwealth, 284 Va. 572, 576, 733 S.E.2d 642, 644 (2012).

Code § 8.01-384(A) addresses the various actions that a party may take to preserve an issue or argument for assertion on appeal.[1] It also contains an exception to the contemporaneous objection requirement which provides:

_____

[1]Code § 8.01-384(A) provides as follows:

> Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal. No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court. No party shall be deemed to have agreed to, or acquiesced in, any written order of a trial court so as to forfeit his right to contest such order on

5

> if a party has no opportunity to object to a
> ruling or order at the time it is made, the
> absence of an objection shall not thereafter
> prejudice him on motion for a new trial or on
> appeal.

Id.

The Commonwealth argues that although Code § 8.01-384(A) may excuse the requirement of a contemporaneous objection, it does not immunize the litigant from affording the trial court an opportunity to rule on his objection at a later point in the proceeding and obtaining a ruling on that objection under Rule 5A:18 and Nusbaum v. Berlin, 273 Va. 385, 406-07, 641 S.E.2d 494, 505-06 (2007). We disagree.

The plain language of the contemporaneous objection exception in Code § 8.01-384(A) states that when the litigant, through no fault of his own, is prevented from making a contemporaneous objection to the court's ruling or order, the failure to object "shall not thereafter prejudice" the litigant on appeal. (Emphasis added.) This language is clear and unqualified. The statute imposes no requirement that when the contemporaneous objection exception applies, a party, if able,

---

> appeal except by express written agreement in his
> endorsement of the order. Arguments made at trial via
> written pleading, memorandum, recital of objections in
> a final order, oral argument reduced to transcript, or
> agreed written statements of facts shall, unless
> expressly withdrawn or waived, be deemed preserved
> therein for assertion on appeal.

must file a post-conviction objection or otherwise bring the objection to the court's attention at a later point in the proceedings as the Commonwealth argues.  To adopt the Commonwealth's position would require us to add language to the statute.  This Court may not construe the plain language of a statute "in a manner that amounts to holding that the General Assembly meant to add a requirement to the statute that it did not actually express."  Vaughn, Inc. v. Beck, 262 Va. 673, 679, 554 S.E.2d 88, 91 (2001).  Nor may the Court "'add language to [a] statute [that] the General Assembly has not seen fit to include.'"  Virginia Elec. & Power Co. v. State Corp. Comm'n, 284 Va. 726, 741, 735 S.E.2d 684, 691 (2012)(quoting Jackson v. Fidelity & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005) and Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003)).

We agree with the Court of Appeals' observation that a person who had no opportunity to object at the time a ruling is made

> may be able to and may choose to file a motion to reconsider.  It may even be wise to do so.  Such a step, however, is not required under Code § 8.01-384(A) in order to preserve an issue for appellate review.

Amos, 61 Va. App. at 740, 740 S.E.2d at 48.

Contrary to the Commonwealth's argument, Rule 5A:18 does not require a different result.  Rule 5A:18 and our case law

requiring an issue to be presented to the court for determination as a predicate for appellate review focuses on the actions of the litigant.  See, e.g., Scialdone v. Commonwealth, 279 Va. 422, 437-39, 689 S.E.2d 716, 724-25 (2010)(explaining that the purpose of Rule 5:25 is to afford the trial court with an opportunity to rule intelligently on issues presented by a party and that under the facts presented, the defendants satisfied such purpose by stating objections and grounds therefor in a motion to stay);[2] Brown v. Commonwealth, 279 Va. 210, 217-18, 688 S.E.2d 185, 189-90 (2010)(concluding Commonwealth made position known to trial court, thus providing it with an opportunity to rule on that position); George v. Commonwealth, 276 Va. 767, 773-74, 667 S.E.2d 779, 782 (2008)(holding defendant put court on sufficient notice of position); Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)(finding plaintiffs preserved issues for appeal in hearing and motion to rehear); Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 492 (1942)(holding party must state objection and grounds in such a manner that the trial judge can understand the question to be decided).  When failure

---

[2]This Court has previously noted that Rule 5:25 is the "counterpart" to Rule 5A:18, and that Code § 8.01-384(A), which "controls" the interpretation of Rule 5:25, "likewise inform[s the] interpretation of Rule 5A:18."  Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010)(citing Helms v. Manspile, 277 Va. 1, 7, 671 S.E.2d 127, 130 (2009)).

to raise a contemporaneous objection or otherwise bring an objection to the court's attention results from a party's actions, the contemporaneous objection exception of Code § 8.01-384(A) does not apply, and the preservation issue will be decided under the provisions of Rule 5A:18 or Rule 5:25, and case law applying those rules.  However, when a party is denied the opportunity to raise a contemporaneous objection, the contemporaneous objection exception of Code § 8.01-384(A) applies.

Finally, Nusbaum, the case upon which the Commonwealth relies, is not dispositive of this case.  In Nusbaum, the appellant repeatedly brought his objection to the attention of the trial court but also repeatedly asked the trial court not to rule on his objection and affirmatively stated that he was not asking the court to change its rulings.  273 Va. at 404, 641 S.E.2d at 504.  On appeal, the appellant argued that because he objected to the trial court's rulings and later made the trial court aware of the substance of his objection to the contempt order orally and as an objection to the final order, he "did all that was required" to preserve the issue for appeal under Code § 8.01-384(A).  Id. at 402, 641 S.E.2d at 503.  The Commonwealth argued that the issue was not preserved because Rule 5:25 required the appellant to seek a ruling on his due process objections.  Id.

We rejected the application of Code § 8.01-384(A) in the manner suggested by the appellant in Nusbaum, noting that the case did not involve a situation where the court denied the appellant an opportunity to raise a contemporaneous objection as envisioned by the contemporaneous objection exception of Code § 8.01-384(A). Id. at 406, 641 S.E.2d at 505. Consequently, the litigant was not entitled to the benefit of the exception and we rendered no opinion on its application. We applied Rule 5:25 and concluded that, under the circumstances of that case, the due process issue was not preserved for appeal because the appellant failed to secure a ruling on his objection. Id.

The unusual circumstances of this case demonstrate why an exception of this nature is warranted. Here, Ms. Amos was not a party. Rather, she was only a witness and consequently was not represented by counsel. Following the trial judge's ruling, she was immediately taken to jail without any further consideration by the court. Furthermore, Maxwell v. Commonwealth, 287 Va. ___, ___ S.E.2d ___, (2014)(this day decided) and this case are the first cases that require us to consider the application of this statutory exception. The paucity of cases that have invoked the contemporaneous objection exception during the past 40 years demonstrates that litigants are rarely precluded from making contemporaneous objections to orders or rulings of the court. Nevertheless, the exception is appropriate when

10

circumstances such as those in this case arise.  Here the parties do not dispute that the actions of the trial court prevented Ms. Amos from presenting a contemporaneous objection. Therefore, the contemporaneous objection exception of Code § 8.01-384(A) applies and no further steps were required to preserve her issues for appellate review.

Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.

JUSTICE MCCLANAHAN, dissenting.

I disagree with the majority's interpretation and application of Code § 8.01-384(A).  The statute simply does not dictate that a party having "no opportunity to object to a ruling or order at the time it is made" is relieved of any obligation to later state his objection if the trial court can still take corrective action - whether in the context of summary contempt or otherwise.

To be sure, under the express terms of Code § 8.01-384(A), a party will not be "prejudice[d]" by his failure to make a contemporaneous objection if he has no opportunity to do so. Nevertheless, if that party later has an opportunity to make his objection in time for the trial court to correct the purported error, but fails to object, it is that failure which causes him

11

"prejudice" on appeal, i.e., default, not the absence of a contemporaneous objection.  Id.  And, manifestly, the statute makes no provision to the contrary.

Accordingly, for these reasons, along with those stated in the dissent to the Court of Appeals' en banc opinion addressing the proper construction of Code § 8.01-384(A), Amos v. Commonwealth, 61 Va. App. 730, 746-49, 740 S.E.2d 43, 51-53 (2013) (Felton, C.J., dissenting), I would reverse the Court of Appeals and affirm the judgment of the trial court.  Therefore, I dissent.