Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
          Agee, JJ., and Russell, S.J.

JENNA DODGE, ET AL.
                    OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 071248              June 6, 2008

TRUSTEES OF RANDOLPH-MACON WOMAN'S COLLEGE,
D/B/A RANDOLPH-MACON WOMAN'S COLLEGE

          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                J. Leyburn Mosby, Jr., Judge

                                I.

     In this appeal, we consider whether Code § 2.2-507.1

imposes certain duties upon a Virginia nonstock charitable

corporation and renders a nonstock charitable corporation

subject to the provisions of the Uniform Trust Code, § 55-

541.01, et seq.

                                II.

     The plaintiffs, Jenna Dodge, Sarah Hassmer, Hayley J.

Maxwell, Laura McKean-Peraza, Kelsey McCune, Jennifer C.

Mullins, Mary E. Yardley, Alice D. Priebe, and Roy C. Johns

filed their amended complaint against the Trustees of

Randolph-Macon Woman's College, d/b/a Randolph-Macon Woman's

College.  Dodge, Hassmer, Maxwell, McKean-Peraza, McCune,

Mullins and Yardley are students at the College.  Priebe is a

"fifth generation graduate" of the College, and she has

donated $40,000.00 to the College to fund scholarships.  Johns

is married to a graduate of the College, and he has donated money and art to the College.

The plaintiffs allege in their amended complaint that the College was established in 1891 for the primary purpose of educating women, and that all gifts and donations to the College since its inception were given to support that objective. The plaintiffs allege that the College acquired, improved, and maintained real property with funds donated to the College for the purpose of supporting the College as a liberal arts, educational institution for women. The plaintiffs also allege that the College acquired numerous valuable works of art placed in various locations "across [the College's] campus and in [its] Maier Museum" and that the art and "the facilities to house such works[,] were bought and improved and are maintained by funds donated to [the College] for the purpose of supporting . . . a liberal arts, single-sex educational institution." The plaintiffs allege that the College plans to sell assets, including its valuable art collection, to finance physical changes at the campus that will enable the College to educate both men and women. The plaintiffs also allege that the College plans to amend its articles of incorporation to reflect that the College will educate men and women. The plaintiffs further allege that the aforementioned acts are "contrary to [the College's] original

and ongoing express charitable purpose as an institution created primarily to educate women in a liberal arts curriculum under the name of Randolph-Macon Woman's College."

The plaintiffs assert, in Count I of the amended complaint, that the College is a charitable trust and that the plaintiffs are beneficiaries within the intendment of the Uniform Trust Code. The plaintiffs also assert that the College breached certain duties owed to them as trust beneficiaries. The plaintiffs, in Count II of their amended complaint, allege that the College's charitable assets are deemed to be held in trust in furtherance of the College's charitable purposes set forth in its governing documents, pursuant to Code § 2.2-507.1, and that the College breached its fiduciary duties.

The plaintiffs asked that the circuit court declare that the College's actions are contrary to the plaintiffs' interests as trust beneficiaries and contrary to the charitable purposes of the corporation. The plaintiffs also asked that the circuit court enjoin the College from implementing its plan to establish a coeducational college and prohibit the College from changing its name.

The College filed a demurrer to the amended complaint. Upon consideration of submissions by counsel, the circuit court held that the Uniform Trust Code is not applicable to

the College and that Code § 2.2-507.1 neither imposes duties upon the College nor abrogates the statutory provisions of the Virginia Nonstock Corporation Act,[1] which governs the conduct of the trustees of the College.  Additionally, the circuit court held that the plaintiffs failed to plead facts that would implicate the doctrine of cy pres and even if such doctrine was applicable, the plaintiffs lacked standing.  The circuit court entered an order sustaining the demurrer.  The plaintiffs appeal.

### III.

### A.

The plaintiffs contend that the circuit court erred by sustaining the demurrer to the complaint and the amended complaint.  We will not consider the plaintiffs' contentions that relate to the circuit court's judgment sustaining the demurrer to the plaintiffs' original complaint.  The plaintiffs failed to incorporate or refer to their initial complaint in the amended complaint and because we have held that "when a circuit court sustains a demurrer to an amended motion for judgment which does not incorporate or refer to any of the allegations that were set forth in a prior motion for judgment, we will consider only the allegations contained in the amended pleading to which the demurrer was sustained."

_____

[1] Code §§ 13.1-801, et seq.

4

Hubbard v. Dresser, Inc., 271 Va. 117, 119-20, 624 S.E.2d 1, 2 (2006) (quoting Yuzefovsky v. St. John's Wood Apartments, 261 Va. 97, 102, 540 S.E.2d 134, 136 (2001)); see also Doe v. Zwelling, 270 Va. 594, 596, 620 S.E.2d 750, 751 (2005).

B.

Code § 2.2-507.1 states:

"A.  The assets of a charitable corporation incorporated in or doing any business in Virginia shall be deemed to be held in trust for the public for such purposes as are established by the governing documents of such charitable corporation, the gift or bequest made to such charitable corporation, or other applicable law.  The Attorney General shall have the same authority to act on behalf of the public with respect to such assets as he has with respect to assets held by unincorporated charitable trusts and other charitable entities, including the authority to seek such judicial relief as may be necessary to protect the public interest in such assets.
"B.  Nothing contained in this section is intended to modify the standard of conduct applicable under existing law to the directors of charitable corporations incorporated in or doing any business in Virginia."

The plaintiffs contend that Code § 2.2-507.1 imposes certain duties upon the College, a nonstock charitable corporation, and that included among those duties is a statutory requirement that in the absence of any instructions accompanying a gift, donation, or bequest, the College must use the donation consistent with the College's charitable purpose as specified in the corporation's governing documents. Continuing, the plaintiffs argue that "[r]eal estate, art,

5

money, or other property given to [the College] without any instructions on their use, were impressed with the purpose found in [the College's] articles of incorporation, as those governing documents existed at the time of the gift."  The plaintiffs observe that when the gifts were contributed to the College, its articles of incorporation specified that the College would be operated predominantly for women.

Responding, the College contends that Code § 2.2-507.1 does not impose any duty upon a nonstock charitable corporation, but merely authorizes the Attorney General of Virginia to take certain action and seek judicial relief against charitable corporations when such action or relief is necessary to protect the public interest in assets held by the charitable corporation.  Additionally, the College argues that the plain language of Code § 2.2-507.1(B) indicates that Virginia nonstock corporations are subject to corporate law, not the law of trusts.

We have repeatedly stated the principles of statutory construction that we apply when a statute is clear and unambiguous:

> "While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity.  Where the legislature has used words of a plain and definite import the courts

6

cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed."

Barr v. Town & Country Props., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)); accord Davis v. Tazewell Place Assocs., 254 Va. 257, 260-61, 492 S.E.2d 162, 164 (1997); Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 529 (1997). Additionally, "[i]n construing a statute, we must apply its plain meaning, and we are not free to add language, nor ignore language, contained in statutes." BBF, Inc. v. Alstom Power, Inc., 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007).

We reject the plaintiffs' contention that Code § 2.2-507.1 requires the application of trust law, rather than corporate law, to the College, a nonstock charitable corporation. Acceptance of the plaintiffs' position would transform all charitable Virginia nonstock corporations into charitable trusts, and we find no language in Code § 2.2-507.1 that manifests any intent of the General Assembly to make such a drastic change in Virginia's established law.[2]

_____

[2] We disagree with the plaintiffs' argument that this Court must consider legislative history and our decision in Commonwealth v. JOCO Foundation, 263 Va. 151, 558 S.E.2d 280 (2002), when ascertaining the meaning of Code § 2.2-507.1. Rather, this Court must examine the words that the General Assembly used to ascertain its intent when enacting Code § 2.2-507.1. Miller v. Highland County, 274 Va. 355, 364, 650 S.E.2d 532, 535 (2007).

Code § 2.2-507.1 specifically states that the assets of a charitable corporation incorporated in Virginia shall be deemed to be held in trust for the public for purposes established by the governing documents of the charitable corporation or other law. This statute further gives the Attorney General the authority to act on behalf of the public when a charitable corporation incorporated in or doing business in Virginia uses charitable property in a manner inconsistent with the corporation's governing documents or applicable law. Applying the plain meaning of the language the General Assembly chose to use when enacting Code § 2.2-507.1, we conclude that the statute is quite narrow and simply confers upon the Attorney General the authority to act on behalf of the public to protect the public's interest in assets held by charitable corporations. This statute is devoid of any language that imposes duties upon charitable corporations. Those duties are found elsewhere in the Code of Virginia.

As we have already noted, Code § 2.2-507.1(B) states: "Nothing contained in this section is intended to modify the standard of conduct applicable under existing law to the directors of charitable corporations incorporated in or doing any business in Virginia." The General Assembly made clear in this provision that directors of charitable nonstock

8

corporations remain subject to existing statutory and common law related to those corporations. Code § 2.2-507.1(B), by its express and explicit language, negates the imposition of any additional duties upon directors of charitable corporations. Rather, Code § 13.1-870, which is a part of the Virginia Nonstock Corporation Act, and the common law govern the standards of conduct applicable to directors of nonstock charitable corporations.

C.

Code § 55-541.02(A), which is part of the Uniform Trust Code, states in part:

> "This chapter applies to express inter vivos trusts, charitable or noncharitable, and trusts created pursuant to a statute, judgment, or decree that requires the trust to be administered in the manner of an express trust. This chapter also applies to testamentary trusts, except to the extent that specific provision is made for them in Title 26 or elsewhere in the Code of Virginia, or to the extent it is clearly inapplicable to them. Section 55-548.13, which provides the duties of a trustee to inform and report to the trust's beneficiaries, shall apply to testamentary trusts."

The plaintiffs argue that the College is a trust pursuant to this statute and, therefore, the College is subject to the provisions of the Uniform Trust Code. The plaintiffs assert that upon the enactment of Code § 2.2-507.1, the General Assembly "essentially decreed that corporate charities are trusts, thereby satisfying the statutory criterion that the

9

trust [in this instance, the College] be created pursuant to statute."  We disagree with the plaintiffs' contentions.

We conclude that the Uniform Trust Code has no application to the College.  The College is not an express inter vivos trust, charitable trust, or noncharitable trust created pursuant to a statute, judgment, or decree.  As we have already held, Code § 2.2-507.1 was enacted to confer certain authority upon the Attorney General.  Code § 2.2-507.1 does not transform every nonstock charitable corporation in Virginia, or that does business in Virginia, into a trust that is subject to the Uniform Trust Code.

We also disagree with the plaintiffs' contention that the College is a trust pursuant to Code § 55-541.02(B), which is also a part of the Uniform Trust Code.  This Code section states:

> "B.  Notwithstanding subsection A, a court, in exercising jurisdiction over the supervision or administration of trusts, may determine that application of the policies, procedures or rules of the Code is appropriate to resolution of particular issues."

This statute does not authorize a circuit court to declare by judicial fiat that a nonstock charitable corporation is a trust.  We hold that the College is not a trust and, therefore, the College is not subject to Code § 55-541.02(B).

D.

10

The plaintiffs assign, as error, that the circuit court "erred by ruling that the doctrine of cy pres is not applicable to the facts alleged in the complaint and/or amended complaint."  We will not consider this assignment of error because the plaintiffs failed to discuss this assignment in their brief.  See, e.g., Teleguz v. Commonwealth, 273 Va. 458, 473, 643 S.E.2d 708, 718 (2007); Winston v. Commonwealth, 268 Va. 564, 590, 604 S.E.2d 21, 35 (2004); Powell v. Commonwealth, 267 Va. 107, 135, 590 S.E.2d 537, 554 (2004); Majorana v. Crown Central Petroleum Corp., 260 Va. 521, 528, 539 S.E.2d 426, 430 (2000).

IV.

In summary, we hold that Code § 2.2-507.1 does not impose any duties upon a nonstock charitable corporation.  We also hold that the College is not subject to the Uniform Trust Code.  We do not consider the plaintiffs' assignment of error relating to the cy pres doctrine because the plaintiffs failed to discuss this argument in their brief.[3]  Accordingly, we will affirm the judgment of the circuit court.

Affirmed.

---

[3] In view of our holdings, we need not consider the plaintiffs' remaining contentions.