Present: Hassell, C.J., Keenan,[*] Koontz, Lemons, Goodwyn, and Millette, JJ., and Lacy, S.J.

THOMAS IDOUX

v. Record No. 090674              OPINION BY
                         CHIEF JUSTICE LEROY ROUNTREE HASSELL, SR.
ESTATE OF RAJA ALEXANDER HELOU      April 15, 2010

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

I.

The primary issue that we consider in this appeal is whether Code § 8.01-6.2(B) permits a plaintiff, who filed a warrant in debt against an estate, to file a subsequent action to add the proper defendant after the statute of limitations had expired.

II.

Thomas A. Idoux filed a warrant in debt pro se, alleging negligence against Raja A. Helou in the Fairfax County General District Court resulting from an automobile accident that allegedly occurred on September 19, 2006. On March 29, 2007, before Idoux filed his warrant in debt, Helou died from causes unrelated to the alleged acts of negligence. The decedent's wife, Rosemary L. Helou, qualified as the personal representative of the Estate of Raja Alexander Helou (the Estate) on October 15, 2007.

---

[*] Justice Keenan participated in the hearing and decision of this case prior to her retirement from the Court on March 12, 2010.

The general district court dismissed the warrant in debt without prejudice on November 20, 2007, because Idoux had improperly identified a deceased defendant. Idoux did not appeal the warrant in debt judgment.

On September 2, 2008, Idoux filed the present negligence action in the circuit court and identified the defendant as the "Estate of Raja Alexander Helou." On November 17, 2008, Idoux served the personal representative of the Estate with the complaint, after the relevant statute of limitations had expired. The Estate filed a plea in bar asserting that the Estate could not be a proper party to this action, that the complaint could not be amended to substitute the personal representative for the Estate, and that the applicable statute of limitations had expired. The circuit court agreed with the Estate and entered a judgment sustaining the plea in bar. Idoux appeals.

III.

A.

Code § 8.01-6.2(B) states:

"In the event that suit is filed against the estate of a decedent, and filed within the applicable statute of limitations, naming the proper name of estate of the deceased and service is effected or attempted on an individual or individuals as executor, administrator or other officers of the estate, such filing tolls the statute of limitations for said claim in the event the executor, administrator or other officers of the estate are unable to legally

2

> receive service at the time service was
> <u>attempted</u>, or defend suit because their authority
> as executor, administrator or other officer of
> the estate excludes defending said actions, or
> their duties as executor, administrator or other
> officer of the estate had expired at the time of
> service or during the time of defending said
> action."

(Emphasis added.)

Idoux, relying upon the above-emphasized portion of Code § 8.01-6.2(B), asserts that the statute of limitations was tolled when he mistakenly filed his action against the Estate. Idoux further asserts that he was entitled to amend his action to include the personal representative of the Estate, who would have been a proper party. Continuing, Idoux contends that Code § 8.01-6.2(B), contrary to this Court's holding in <u>Swann v. Marks</u>, 252 Va. 181, 476 S.E.2d 170 (1996), permits him to amend the complaint by substituting the personal representative for the Estate. We disagree with Idoux's contentions.

We have consistently and repeatedly stated the principles of statutory construction that we apply when a statute is clear and unambiguous:

> " 'While in the construction of statutes the
> constant endeavor of the courts is to ascertain
> and give effect to the intention of the
> legislature, that intention must be gathered from
> the words used, unless a literal construction
> would involve a manifest absurdity. [When] the
> legislature has used words of a plain and
> definite import the courts cannot put upon them a
> construction which amounts to holding the
> legislature did not mean what it has actually
> expressed.' "

3

*Barr v. Town & Country Props.*, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting *Watkins v. Hall*, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)); *accord Dodge v. Randolph-Macon Woman's College*, 276 Va. 10, 15, 661 S.E.2d 805, 808 (2008); *Davis v. Tazewell Place Assocs.*, 254 Va. 257, 260-61, 492 S.E.2d 162, 164 (1997); *Abbott v. Willey*, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997). We have also stated that "[i]n construing a statute, we must apply its plain meaning, and 'we are not free to add [to] language, nor to ignore language, contained in statutes.' " *BBF, Inc. v. Alstom Power, Inc.*, 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007) (quoting *SIGNAL Corp. v. Keane Federal Systems, Inc.*, 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003)).

Applying the above-referenced principles, we reject Idoux's contention that Code § 8.01-6.2(B) tolled the applicable statute of limitations and allowed him to amend his action to include the personal representative of the Estate as a party to his action. Idoux admits, in his brief, that he mistakenly filed suit against the Estate, rather than against the personal representative of the Estate. This Court held in *Swann*, 252 Va. at 184, 476 S.E.2d at 171-72 that: "To toll the statute of limitations, a suit must be filed against a proper party. Virginia statutes do not authorize an action against an

4

'estate.' . . . . A [complaint] against an 'estate' is a nullity and cannot toll the statute of limitations."

Applying the plain meaning of Code § 8.01-6.2(B), Idoux's pleading against the Estate did not toll the statute of limitations. Code § 8.01-6.2(B) contains three exceptions that permit the tolling of the statute of limitations in the event that a proceeding is filed against the estate of a decedent within the applicable statute of limitations. The only statutory exception that the litigants discuss in this appeal is whether "such filing tolls the statute of limitations for [a] claim in the event the executor, administrator or other officers of the estate are unable to legally receive service at the time service was attempted." Code § 8.01-6.2(B). The litigants do not discuss the remaining exceptions in Code § 8.01-6.2(B).

Code § 8.01-6.2(B) does not apply to Idoux because nothing in the record before this Court suggests that the personal representative of the Estate, who had been appointed before the expiration of the statute of limitations, was unable to legally receive service, had service been attempted before the expiration of the statute of limitations. The fact that the complaint against the Estate was a nullity did not render the Estate's personal representative unable to receive service of process of that invalid complaint.

5

We note that acceptance of Idoux's position would completely eviscerate the purpose of Code § 8.01-6.2(B) because the logical conclusion of his argument is that the other tolling provisions in Code § 8.01-6.2(B) are either meaningless or surplusage. "Every part of a statute is presumed to have some effect and no part will be treated as meaningless unless absolutely necessary." Sims Wholesale Co. v. Brown-Forman Corp., 251 Va. 398, 405, 468 S.E.2d 905, 909 (1996); see also Raven Red Ash Coal Corp. v. Absher, 153 Va. 332, 335, 149 S.E. 541, 542 (1929). And, as we have already stated, this Court is not free to ignore statutory language or render such language meaningless.

Additionally, we observe that pursuant to Code § 8.01-6.2(B), a filing may toll the statute of limitations for a "claim in the event the executor, administrator or other officers of the estate are unable to legally receive service at the time service was attempted." The phrase "at the time service was attempted" is temporal, and Idoux has failed to show that the personal representative of the Estate, who had been appointed before the expiration of the statute of limitations, was unable to legally receive service, had service been attempted before the expiration of the statute of limitations. Code § 8.01-6.2(B). Indeed, the record is devoid

6

of any evidence that an attempt was made to serve the administrator before the statute of limitations expired.

Idoux devotes a significant portion of his brief to asserting that a personal representative cannot legally receive service for an estate when the plaintiff names the estate instead of the personal representative of the estate as the defendant. He cites no authority for this proposition. Mrs. Helou qualified as personal representative for the Estate of Raja Alexander Helou on October 15, 2007, almost a year before the complaint was filed. Since her appointment, she had full authority to accept service of and defend lawsuits. See Code § 8.01-229(B)(2)(b).

We observed in James v. Peyton, 277 Va. 443, 453 n.3, 674 S.E.2d 864, 868 n.3 (2009) that the statutory language at issue in this case in Code § 8.01-6.2(B) does not apply when an executor, administrator, personal representative, or other officer of an estate was legally able to receive service of the action filed with the proper name. Our observation regarding the effect of Code § 8.01-6.2(B) in James v. Peyton, supra, is equally applicable here, and we adopt that statement as our holding in this case.

B.

Relying upon Code § 8.01-229(B)(2), Idoux asserts that he was entitled to amend his lawsuit to include the personal

7

representative as a party defendant and that his complaint could be amended within two years of its filing if the complaint was filed within the statute of limitations. Additionally, Idoux argues that the filing of his pleading against the Estate was sufficient to invoke the protection of Code § 8.01-229(B)(2) and that he should be allowed to amend his complaint because his motion to amend was filed within two years after he filed the warrant in debt pro se in the general district court. Idoux's arguments are without merit.

Code § 8.01-229(B)(2) states in relevant part:

"If a person against whom a personal action may be brought dies before the commencement of such action and before the expiration of the limitation period for commencement thereof then a claim may be filed against the decedent's estate or an action may be commenced against the decedent's personal representative before the expiration of the applicable limitation period or within one year after the qualification of such personal representative, whichever occurs later.

We discussed Code § 8.01-229(B)(2) in Swann v. Marks, supra. We stated:

"To toll the statute of limitations, a suit must be filed against a proper party. Virginia statutes do not authorize an action against an 'estate.' Code §§ 8.01-229(B)(1) and (B)(2) direct the decedent's personal representative to file any personal action which the decedent may have been entitled to bring and to defend any personal action which could be brought against the decedent. This limitation is further highlighted by the language of the statute which allows claims to be filed against the property of the estate, but provides that actions may only be filed against the decedent's personal

8

representative.  Code §§ 8.01-229(B)(2) and (B)(4).  This statutory scheme is consistent with the principle that 'suits and actions must be prosecuted by and against living parties.' Rennolds v. Williams, 147 Va. 196, 198, 136 S.E. 597, 597 (1927).  A [complaint] against an 'estate' is a nullity and cannot toll the statute of limitations."

252 Va. at 184, 476 S.E.2d at 171-72 (footnote omitted).

We recently explained in James v. Peyton, supra:

"Prior to July 1, 1991, an action 'filed against a deceased party was a nullity.' Parker v. Warren, 273 Va. 20, 24, 639 S.E.2d 179, 181 (2007) (citing Rennolds v. Williams, 147 Va. 196, 198-200, 136 S.E. 597-98 (1927)).  'Thus, if a litigant filed a personal action against a defendant who, possibly unbeknownst to the plaintiff, had died, . . . the statute of limitations would continue to run.'  Id.  Nor could the error, even if unintentional, be cured by substituting the executor or administrator of the deceased party's estate 'because the personal representative was a person distinct from the decedent, the mistaken naming of the decedent was not a misnomer and substitution of the personal representative did not relate back to the initial filing of the lawsuit.'  Id. (citing Rockwell v. Allman, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971)); see also Swann, 252 Va. at 184, 476 S.E.2d at 172.

"However, an amendment of Code § 8.01-229 in 1991 adding subsection (B)(2)(b) altered this long-standing rule 'by providing that [an action] filed against a defendant who was deceased when the action was filed could be amended to substitute the decedent's personal representative.' Parker, 273 Va. at 24, 639 S.E.2d at 181."

277 Va. at 450-51, 674 S.E.2d at 867.

Idoux's general district court warrant in debt was not amended, but rather it was dismissed.  Pursuant to Code § 8.01-

9

229(B)(2), Idoux may have filed an action against the personal representative before the expiration of the statute of limitations or within one year after qualification of the personal representative, whichever occurred later.  Neither of these events occurred.

We also held in James that Code § 8.01-229(B)(2)(b) did not alter the long-standing rule that a complaint must express "the identity of the party the plaintiff intends to name as the defendant and upon what basis the party is liable to the plaintiff."  277 Va. at 451, 674 S.E.2d at 867.  We hold that Idoux's arguments are without merit because as we have already stated, Virginia statutes do not authorize an action against an estate.

Idoux has admitted that the Estate is not a proper defendant to this proceeding and that he should have filed suit against the personal representative of the Estate.  Code §§ 8.01-229(B)(1) and (B)(2) do not apply because they direct the decedent's personal representative to file personal actions which the decedent may have been entitled to bring and to defend personal actions that could have been filed against the decedent.  Code § 8.01-229(B)(2) did not change our jurisprudence that a complaint must contain the identity of the proper party who may be liable to the plaintiff, in this

instance the personal representative and not the Estate.  See

Swann, 252 Va. at 184, 476 S.E.2d at 171-72.

                                   IV.

    For the foregoing reasons, and finding Idoux's remaining

arguments meritless, we will affirm the judgment of the circuit

court.

                                                      Affirmed.

11