Present:   All the Justices


AROGAS, INC., ET AL.

v.  Record No. 091502                   OPINION BY
                          CHIEF JUSTICE LEROY ROUNTREE HASSELL, SR.
FREDERICK COUNTY BOARD OF            September 16, 2010
ZONING APPEALS, ET AL.

              FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                       John R. Prosser, Judge

                                I.

     In this appeal we consider whether petitioners, who

challenge the validity of a proffer that a board of supervisors

amended and approved after a public hearing, have stated a

cause of action against a board of supervisors.  We also

consider whether the circuit court erred by remanding the

proceeding to the zoning administrator and requiring him to

accept the site plan application for review.

                                II.

     Petitioners Arogas, Inc., (Arogas) and T. P. Manning filed

their amended "petition for writ of certiorari and declaratory

judgment" against the Frederick County Board of Zoning Appeals

and Frederick County Board of Supervisors (collectively the

County).  Petitioners alleged that the Board of Supervisors

violated § 165-13(A) of the Frederick County Code because the

Board amended a proffer after the initial public hearing and

approved the amended proffer without holding a subsequent

public hearing.  Frederick County Code § 165-13(A) requires, among other things, that a final proffer should be received in writing, signed by the owner or applicant, five days prior to an advertised public hearing.  The County filed a demurrer to the amended petition for declaratory judgment and asserted, among other things, that the petitioners failed to state a cause of action to declare "void ab initio" the subject zoning proffer.  The circuit court entered a judgment in favor of the County, and the petitioners appeal.[1]

III.

A.

Initially, we note that we will not consider the petitioners' original petition because the petitioners failed to incorporate or refer to their initial petition in the amended petition.  We have held that " 'when a circuit court sustains a demurrer to an amended [petition] which does not incorporate or refer to any of the allegations that were set forth in a prior [petition], we will consider only the allegations contained in the amended pleading to which the demurrer was sustained.' "  Hubbard v. Dresser, Inc., 271 Va.

---

[1] This Court will not consider the petitioners' argument that Frederick County should have filed a plea in bar instead of a demurrer because Arogas raises this argument for the first time on appeal.  Rule 5:25; Appalachian Voices v. State Corp. Comm'n, 277 Va. 509, 515, 675 S.E.2d 458, 460 (2009); Martin v.

2

117, 119-20, 624 S.E.2d 1, 2 (2006) (quoting Yuzefovsky v. St. John's Wood Apartments, 261 Va. 97, 102, 540 S.E.2d 134, 136 (2001)); Dodge v. Randolph-Macon Woman's College, 276 Va. 10, 14, 661 S.E.2d 805, 807 (2008).

We also observe that a demurrer admits the truth of all properly pleaded material facts. " 'All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law.' " Dodge v. Randolph-Macon Woman's College, 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008) (quoting Fox v. Custis, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988)); accord Tronfeld v. Nationwide Mut. Ins. Co., 272 Va. 709, 713, 636 S.E.2d 447, 449 (2006); Fuste v. Riverside Healthcare Ass'n, 265 Va. 127, 131-32, 575 S.E.2d 858, 861 (2003).

B.

The petitioners alleged the following facts in their amended petition that we must consider as true for purposes of this appeal. On April 27, 2004, the Frederick County Board of Supervisors held a public hearing regarding a rezoning application. Prior to the hearing, applicants George M. and Carol T. Sempeles submitted a written proffer prohibiting the

---

Ziherl, 269 Va. 35, 39, 607 S.E.2d 367, 368 (2005) ("arguments made for the first time on appeal will not be considered").

wholesale or retail sale of diesel fuel on a certain 3.4-acre portion of land that the Sempeles owned, which was part of a larger parcel. After a public hearing, the Board limited the scope of the proffer to prohibit only "[a]ny use involving the retail or wholesale sale of diesel fuel for over the road truck carriers." Some Board members expressed concern with allowing "truck stops," which are a permitted use in a B2 zone where the 3.4-acre parcel is located. The Board members also discussed the fact that they did not want to prohibit all diesel sales; at which point the original proffer was amended verbally as stated above. The amended proffer was signed by the landowners on May 3, 2004, after the Board had voted unanimously to approve the rezoning.

In April 2006, Triad Engineering, Inc. (Triad Engineering) submitted a proposed site plan on behalf of Manning and Arogas, as the developer, to the Frederick County Planning Department. The Sempeles were the record owners of the property when the site plan was submitted, and Arogas received a deed for the property from the Sempeles in March 2007. The petitioners desire to develop the approximately 3.4 acres of the real property with a 5,625 square foot service station and a convenience market, and this appeal is limited to the use of the 3.4-acre property. According to the proposed plan, the service station will include "filling areas" and "pumps" for

4

the retail sale of gasoline and diesel fuel.  Mark R. Cheran, the Frederick County Zoning Administrator, informed Triad Engineering that the County's planning department would not process the site plan application because of a "discrepancy between the proposed use of [the] property and the property's current zoning designation and associated proffers."

The petitioners alleged that the amended proffer is void ab initio because the Sempeles did not submit the amended proffer to the Board of Supervisors five days before a public hearing in violation of § 165-13(A) of the Frederick County Code.  Additionally, the petitioners alleged that contrary to the zoning administrator's conclusions, service stations that sell retail gasoline and diesel fuel are permitted uses in business general B2 districts, pursuant to Frederick County Code § 165-82.

The petitioners alleged that the amended proffer "clearly does not [prohibit] truck stops, nor does [the proffer] prevent diesel sales to small and large diesel consuming vehicles including but not limited to cars, pick-up trucks, dump trucks, step-vans[,] [sport utility vehicles], buses, motor homes, campers and the like."  Continuing, the petitioners pled that "an 'over the road truck carrier' is not defined in the county code, nor otherwise capable of definition on its face."

5

IV.

A.

Frederick County Code § 165-13, entitled "Conditional rezoning," states in relevant part:

> "The applicant for a rezoning may proffer in writing, before the public hearing by the Board of Supervisors, conditions to be placed on the approval of the rezoning.
> "A. Procedures. Proffers shall be presented to the Planning Commission at the advertised public hearing for the rezoning. The Planning Commission shall make a recommendation on the acceptance of the proffers and the rezoning to the Board of Supervisors following the procedures described for amendments to this chapter. Final proffers shall be received in writing, signed by the owner and applicant, at least five (5) days prior to the advertised hearing of the Board of Supervisors."

Additionally, Frederick County Code § 165-11, entitled, "Board of Supervisors public hearing," states in relevant part:

> "Before approving and adopting any amendment, the Board shall hold at least one public hearing thereon, pursuant to public notice as required by § 15.2-2204 of the Code of Virginia, <u>after which the Board may make appropriate changes or corrections in the proposed amendment</u>; provided, however, that no additional land may be zoned to a different classification than was contained in the public notice without an additional public hearing after notice required by § 15.2-2204 of the Code of Virginia."

(Emphasis added).

Arogas and Manning argue that the circuit court erred when it sustained the demurrer on the basis that they failed to plead a viable cause of action. We disagree.

6

As required by § 165-13 of the Frederick County Code, the Sempeles, who were the owners of the property during the 2004 rezoning, submitted a proffer in writing to the Board of Supervisors before the Board conducted its public hearing.[2] Among the conditions that the Sempeles included in the written proffer was a condition that <u>no</u> diesel fuel would be sold on the rezoned property.

The petitioners do not allege that the Sempeles' original proffer was untimely or violated § 165-13(A) of the Frederick County Code. Rather, the petitioners allege that the Board of Supervisors voted to amend the original proffer after the public hearing was closed. The petitioners argue that the amended proffer was not filed five days prior to an advertised hearing in violation of § 165-13(A) of the Frederick County Code. The petitioners imply that § 165-13(A) of the Frederick County Code requires that the Board of Supervisors hold an additional public hearing before voting on a proffer that the Board amends after the initial public hearing. The plain

---

[2] We have stated that:

"Proffers are voluntary commitments made by landowners in order to facilitate approval of conditional zoning and rezoning requests by ameliorating the impact of development of their property on the local infrastructure and the character and environment of adjoining land."

language of Frederick County Code § 165-13(A), however, does not mandate that an additional public hearing must be held to consider a proffer that the Board of Supervisors amends after the initial public hearing.

A purpose, among others, of the plain language in the County Code is to enable the Board of Supervisors to obtain input during the public hearing from the public and affected property owners regarding written proffers. Frederick County Code § 165-11 authorizes the Board of Supervisors to "make appropriate changes or corrections in the proposed amendment" after the public hearing. We find no language in the Frederick County Code that prohibits the Board of Supervisors, with the written consent of the applicant property owners, from amending the written proffer after discussion and public hearing. The Board is not required to hold an additional public hearing each time the Board amends a proffer. Otherwise, the public hearing process may never come to a conclusion. Accordingly, we hold that the Board of Supervisors was entitled to amend the original proffer to limit the prohibition on the sale of diesel fuel only to over-the-road truck carriers.

Additionally, Code § 15.2-2285(C) states in part:

"Before approving and adopting any zoning ordinance or amendment thereof, the governing body shall hold

Hale v. Board of Zoning Appeals, 277 Va. 250, 273, 673 S.E.2d 170, 182 (2009).

8

at least one public hearing thereon . . . after which the governing body may make appropriate changes or corrections in the ordinance or proposed amendment."

We have consistently and repeatedly stated the principles of statutory construction that we apply when a statute is clear and unambiguous:

" 'While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. [When] the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.' "

Barr v. Town & Country Props., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)); accord Dodge, 276 Va. at 15, 661 S.E.2d at 808; Davis v. Tazewell Place Assocs., 254 Va. 257, 260-61, 492 S.E.2d 162, 164 (1997); Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997). We have also stated that "[i]n construing a statute, we must apply its plain meaning, and 'we are not free to add [to] language, nor to ignore language, contained in statutes.' " BBF, Inc. v. Alstom Power, Inc., 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007) (quoting SIGNAL Corp. v. Keane Federal Systems, Inc., 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003)).

9

Code § 15.2-2285(C) authorized the Board to make changes to the proffers that the Sempeles had submitted. The 2004 rezoning of the property was an amendment to the County's zoning ordinance. Code § 15.2-2285(C) enables local governments to consider comments that citizens or property owners articulate during public hearings and to exercise legislative prerogatives to respond to those comments by amending proposed proffers. There is simply no language in Code § 15.2-2285 that prohibits the County from amending the proffer after the public hearing has occurred.[3] We note that the Sempeles agreed with the changes to the amended proffer after the public hearing.

Contrary to the petitioners' arguments, the present case is unlike our decision in Gas Mart Corp. v. Board of Supervisors, 269 Va. 334, 344-48, 611 S.E.2d 340, 345-47 (2005), when we held that a county failed to provide the statutorily required descriptive summary in the notice of the proposed amendment. Likewise, our decision in Glazebrook v. Board of Supervisors, 266 Va. 550, 555-57, 587 S.E.2d 589, 591-93 (2003), is inapplicable here because in Glazebrook the

---

[3] In 2006, the General Assembly amended Code § 15.2-2298(A) which states in relevant part that "The governing body may also accept amended proffers once the public hearing has begun if the amended proffers do not materially affect the overall proposal."

10

governing body enacted zoning amendments utilizing a notice procedure that failed to comply with Code § 15.2-2204(A). Also, Arogas' reliance upon City of Alexandria v. Potomac Greens Assoc., 245 Va. 371, 378, 429 S.E.2d 225, 228-29 (1993), is misplaced because a city failed to provide two notices as required by former Code § 15.1-431, and we held that the city's failure to comply with the former statute rendered the zoning ordinance void ab initio. In the present case, the County complied with Code § 15.2-2285(C) and Frederick County Code §§ 165-11 and -13(A). Accordingly, we hold that the circuit court did not err by concluding that Arogas and Manning failed to plead a cognizable cause of action.

B.

In 2006, Triad Engineering, on behalf of Arogas, submitted a site plan to the County for the development of the 3.4-acre parcel. The zoning administrator determined that the site plan demonstrated a proposed use of the property which included the sale of diesel fuel for over-the-road truck carriers and that such sales violated the proffer which was a part of a conditional zoning of the property. The zoning administrator refused to accept the site plan for the review process. Arogas appealed the zoning administrator's decision to the Board of Zoning Appeals, which denied the appeal.

At the conclusion of an <u>ore</u> <u>tenus</u> hearing, the circuit court held that the zoning administrator should have accepted the site plan for review and followed the normal application process before making a determination regarding the proposed use.

Arogas and Manning argue that the circuit court erred because the court did not "interpret the proffer" and that this Court should interpret the proffer on appeal. We disagree.

Section 165-802.02(A) of the Frederick County Code states in relevant part:

> "Applicants shall submit two copies of the site plan to the Zoning Administrator for review, along with applicable fees and completed application materials required by the Zoning Administrator. Final approval of the site plan shall be given by the Zoning Administrator. At least five copies of the site plan are required to be submitted to the Zoning Administrator for final approval."

Pursuant to Frederick County Code § 165-802.02(A), Arogas properly submitted copies of a site plan to the zoning administrator for review, but the zoning administrator refused to review and process the site plan application. Arogas disagreed with the zoning administrator's decision and exercised its statutory rights of appeal. <u>See</u> Code §§ 15.2-2311, -2314. Pursuant to Code § 15.2-2314,[4] the circuit court

---

[4] Code § 15.2-2314 states in relevant part: "The circuit court may reverse or affirm, wholly or partly, or may modify

12

ruled that the zoning administrator erred by failing to accept the site plan application for review and the court reversed the decision of the Board of Zoning Appeals. The circuit court correctly rejected Arogas' request that the court usurp the role of the zoning administrator by reviewing the site plan application, and we also decline to do so.

V.

For the above reasons, we will affirm the judgment of the circuit court.

<u>Affirmed</u>.

---

the decision [of the board of zoning appeals] brought up for review."