PRESENT: All the Justices

PATRICIA L. RAY

                                              OPINION BY
v. Record No. 180060                    ELIZABETH A. McCLANAHAN
                                            December 20, 2018

KATHERINE READY, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF
KEITH F. READY, ET AL.


                  FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              Lee A. Harris, Jr., Judge

        Patricia L. Ray ("Ray") challenges the circuit court's order (i) denying Ray's motion to

amend her complaint to name the personal representative of her deceased husband's estate as the

proper party defendant, and (ii) dismissing the action as time-barred.[1]  Ray argues the trial court

erred in doing so on grounds that her action against the estate was a nullity, and her complaint

did not qualify under the safe-harbor provision of Code § 8.01-6.3(B) for amendment and

relation back to the date the complaint was originally filed for purposes of tolling the statute of

limitations.  We disagree and affirm the judgment of the circuit court.

                                         BACKGROUND

        Keith F. Ready executed a holographic will that excluded his wife, Ray, as a beneficiary

of his estate.  His will was admitted to probate on August 25, 2016.  Following her husband's

death, Ray filed an action to claim her elective share of the augmented estate, naming the "Estate

_____

        [1] The style of this case set forth above, naming "Katherine Ready, Individually and as
Administratrix of the Estate of Keith F. Ready, et al." as appellees, is how it was styled when
originally presented to this Court on appeal in appellant Ray's petition for appeal and the parties'
subsequent filings with this Court.  However, for purposes of adjudicating this appeal, we will
review this case just as it was styled in Ray's complaint and throughout the proceedings below,
including Ray's notice of appeal, which is "Patricia L. Ray v. Estate of Keith F. Ready."

of Keith F. Ready" (the "Estate") as the defendant. The administratrix of the Estate, Katherine Ready ("Ready"), was not named as a party to the action and her name does not appear anywhere in the complaint; nor does the complaint mention either the terms or the concepts of a personal representative, administrator, or administratrix.

Ray purported to serve process on the Estate by delivery to Ready, and Ready filed an answer to the complaint on behalf of the Estate, in which she asserted the affirmative defense of abandonment. Ready signed the answer, "Katherine E. Ready, Administratrix c.t.a. of the Estate of Keith F. Ready." An evidentiary hearing on the action was then scheduled for March 3, 2017. Prior to the hearing, counsel for Ready realized that the action had been filed against the Estate rather than Ready as the Estate's personal representative, and as a "professional courtesy" proposed to Ray's counsel that they submit an order amending the caption. However, no such order was entered.

On March 3, the parties appeared before the circuit court for the evidentiary hearing. At that time, Ready made a preliminary oral motion to dismiss, arguing that the action was a nullity because it was filed only against the Estate. Ready also argued that the complaint could not be amended to substitute the proper party because an action brought against an estate is an "absolute nullity." In such a case, Ready further argued, the only resolution was to commence a new action against the correct party, i.e., the personal representative of the Estate; but here, Ray's action was barred by the applicable statute of limitations. There was no dispute then, nor is there one now, that the statute of limitations for Ray's action seeking an elective share expired on February 26, 2017, six days prior to the March 3 hearing. *See* Code § 64.2-302(B) (providing that the surviving spouse of a decedent who dies domiciled in the Commonwealth "may claim an elective share in the decedent's augmented estate within six months from the later of (i) the time

of the admission of the decedent's will to probate or (ii) the qualification of an administrator on the decedent's intestate estate").

In response, Ray requested that the circuit court enter an order adding Ready to the complaint as a party defendant in Ready's capacity as administratrix of the Estate. Ray argued that she was entitled to such relief because the summons served upon Ready named her as administratrix of the Estate and Ready filed an answer on behalf of the Estate in that capacity. Responding to this application, Ready argued that the case law is clear that the proper party could not be added to or substituted in the action because the suit was a nullity, and thus neither a nonsuit nor a dismissal would have the effect of tolling the statute of limitations, which had already run.

The circuit court took the motions under advisement and allowed the parties to proceed with presenting evidence on the merits of Ray's action. At the court's direction, the parties subsequently submitted additional memoranda on the motions and other matters and again appeared before the court to make final arguments. Following argument, the court ruled (i) that the suit was in fact a nullity, and any participation in the litigation on the part of Ready did not waive the nullity defense; and (ii) that the complaint could not be amended pursuant to Code § 8.01-6.3(B) because the proper party was not named anywhere in the complaint, and thus the action was time-barred. The court accordingly entered a final order dismissing the action with prejudice. Ray challenges these rulings in this appeal.

## ANALYSIS

On appeal, Ray's central argument is that "the right party" was before the circuit court in this suit before the running of the statute of limitations by virtue of Ready's answer to the complaint in her capacity as personal representative of the Estate. Appellant's Br. at 4. Thus,

3

Ray contends, with "the right party . . . before [the] court although under a wrong name, an amendment to cure [the] misnomer" in this case, where the Estate was incorrectly named as the party defendant, should have been allowed by the circuit court "notwithstanding the running of the statute of limitations." *Id.* In dismissing her complaint, Ray concludes, the court "elevated form over substance" and thereby improperly denied her the right to obtain an adjudication on the merits. *Id.* at 13. We disagree.

The party filing a civil action has the fundamental obligation "to express the nature of the claim being asserted, *and the identity of the party against whom it is asserted*, in clear and unambiguous language so as to inform both the court and the opposing party of the nature of the claim." *James v. Peyton*, 277 Va. 443, 450 (2009) (emphasis added); *see* Rule 1:4. Furthermore, it is well established under Virginia law that "[a]ll suits and actions must be prosecuted by and against living parties, in either an individual or representative capacity." *Rennolds v. Williams*, 147 Va. 196, 198 (1927); *see Swann v. Marks*, 252 Va. 181, 184 (1996) (quoting *Rennolds*); *Idoux v. Estate of Helou*, 279 Va. 548, 556 (2010) (same). That is because "[t]here must be such parties to the record as can be affected by the judgment and from whom obedience can be compelled." *Rennolds*, 147 Va. at 198-99. Whether a pleading has adequately identified the proper party to be sued is a question of law, which we review de novo. *James*, 277 Va. at 447.

Consistent with the above-stated principles, we held in *Swann* that the filing of a personal injury suit against a decedent's estate, rather than the personal representative for the estate, was a "nullity" and could not toll the statute of limitations. 252 Va. at 184. "To toll the statute of limitations," we determined, such "a suit must be filed against a proper party." *Id.* In rejecting the plaintiff's argument that the personal representative could be merely substituted as the proper party defendant as the "correction of a misnomer," we explained that "the substitution of a

4

personal representative for the 'estate' is not the correction of a misnomer. Misnomer arises when the right person is incorrectly named, not where the wrong defendant is named." *Id*. (citing *Rockwell v. Allman*, 211 Va. 560, 561 (1971)). Of course, in *Swann*, as in the present case, the personal representative of the decedent and the decedent's estate were "two separate entities; the personal representative [was] a living individual while the 'estate' [was] a collection of property." *Id*. Accordingly, we concluded in *Swann* that "one [could not] be substituted for another under the concept of correcting a misnomer." *Id*.

Several years later in *James*, in reliance upon *Swann*, this Court again reached the same conclusion that a personal injury suit naming an estate as the party defendant was not "merely a misnomer and subject to correction by amendment," but was rather a nullity. 277 Va. at 452. In *James*, there was a "patent ambiguity" between the caption of the complaint and the allegations within it. *Id*. at 455. We ultimately concluded that the complaint did not name the personal representative of the estate, rather than the estate itself, as the party defendant when "the pleading is read as a whole." *Id*. Again, we explained that such "a misjoinder is simply not subject to being legitimized by substituting the correct party. The only resolution in such a case, in the absence of a statute of limitations bar, is to commence a new action against the proper party." *Id*. at 456.

In 2010, the year after *James* was decided, the General Assembly enacted Code § 8.01-6.3, addressing the situation presented in both *Swann* and *James* in which an error is made in naming a fiduciary. The statute states:

> A. In any action or suit required to be prosecuted or defended by or in the name of a fiduciary, including a personal representative, trustee, conservator, or guardian, the style of the case in regard to the fiduciary shall be substantially in the following form: "(Name of fiduciary), (type of fiduciary relationship), (Name of the subject of the fiduciary relationship)."

B.  Any pleading filed that does not conform to the requirements of subsection A but otherwise identifies the proper parties shall be amended on the motion of any party or by the court on its own motion. Such amendment relates back to the date of the original pleading.

Code § 8.01-6.3.

This statute thus prescribes a pleading format in subsection (A) to make clear that the pleading should set forth the person's name, the nature of the fiduciary relationship, and the name of the estate or other subject of the fiduciary relationship.  Subsection (B) then creates a safe-harbor for errors in providing that, where a pleading "does not conform" to the naming convention required in subsection (A) but "otherwise identifies the proper parties," amendment of the pleading may be made and "[s]uch amendment relates back to the date of the original pleading."  Code § 8.01-6.3(B).

As observed in Friend's Virginia Pleading and Practice: "If this legislation is successful, it may well obviate many of the fatal statute of limitations problems that have previously arisen with improper naming of parties or representatives in such cases."[2]  1 Charles E. Friend & Kent Sinclair, Friend's Virginia Pleading and Practice § 6.03, at 6-14 (3d ed. 2018).  Unfortunately for Ray in the present case, subsection (B) of the statute provides no relief.  In addition to Ray's non-compliance with subsection (A) of the statute in failing to name the personal representative of the Estate in the caption of her complaint, neither the name of the personal representative nor any reference thereto is anywhere to be found in the body of the complaint.  She has thus failed

---

[2] We note that after the General Assembly passed Code § 8.01-6.3, but before it went into effect, this Court again held in *Idoux*, 279 Va. at 552-57, as in *Swann* and *James*, that a personal injury action against a decedent's estate, rather than the personal representative of the estate, was a nullity.  Thus, the complaint could not be amended to substitute the personal representative of the estate, and the applicable statute of limitations had expired, which prevented a new action from being filed against the personal representative.

to "otherwise identif[y] the proper part[y]" defendant in the complaint as filed, as required by subsection (B) as a necessary condition for obtaining the benefit of this safe-harbor provision. Furthermore, because Ray's pleading does not qualify for the saving doctrine afforded by subsection (B), she is time-barred from bringing a new and proper action against the Estate's personal representative, as the circuit court ruled, by operation of Code § 64.2-302(B).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court dismissing Ray's action with prejudice on Ready's motion to dismiss.

*Affirmed.*